PER CURIAM.
In view of the recent enactment of the Criminal Appeal Reform Act of 1996 (CS/HB 211), which becomes effective on July 1, 1996, the Court hereby amends Florida Rule of Criminal Procedure 3.800 and Florida Rule *1375 of Appellate Procedure 9.020(g) as set forth in the appendix attached hereto. The purpose of these amendments is to ensure that a defendant will have the opportunity to raise sentencing errors on appeal. These amendments become effective on July 1,1996.
Pursuant to Florida Rule of Judicial Administration 2.130(a), interested parties shall have sixty days within which to file comments directed to these amendments. However, such comments shall not affect the finality of these amendments and no further order of this Court on the subject shall be forthcoming unless this Court determines that further amendment is required.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

Florida Rule of Criminal Procedure 3.800:

(b) Motion to Correct Sentencing Error. A defendant may file a motion to correct the sentence or order of probation vnthin ten days after the rendition of the sentence.

(b)(e) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision of the rule shall not, however, be applicable to those cases in which the death sentence is imposed or those eases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

COMMENTARY

Stibdivision (b) was added and existing subdivision (b) was renumbered as subdivision (c) in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied. A motion filed under subdivision (b) is an authorized motion which tolls the time for filing the notice of appeal.

Florida Rule of Appellate Procedure 9.020(g):
(g) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification; to alter or amend; for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, or in arrest of judgment; to correct a sentence or order of probation; or a challenge to the verdict, the following exceptions apply:
[[Image here]]
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them. However, a pending motion to correct a sentence or order of probation shall not be affected by the filing of a notice of appeal from a judgment of guilt.

*1376
COMMENTARY

Subdivision (g) was amended to ensure that a motion to correct sentence or order of probation would postpone rendition. Subdivision (g)(3) was amended to explain that such a motion is not waived by an appeal from a judgment of guilt.