PER CURIAM.
The Rules of Criminal Procedure Committee has filed an emergency petition to amend (1) Florida Rule of Criminal Procedure 3.670 to require the clerk of court to serve the defendant and counsel for the defendant and the state with a copy of the judgment and sentence within fifteen days of rendition, and (2) Florida Rule of Criminal Procedure 3.700(b) to require the trial court to pronounce at the time of sentencing the amount of jail time credit the defendant is to receive. We have jurisdiction. Art. V, § 2(a), Fla. Const. The proposed amendments were published for comments. A number of comments have been received, the majority of which are from clerks of court who oppose certain aspects of the rules committee’s proposals. Oral argument on these proposals was held the same day as argument on a related petition to amend Florida Rule of Criminal Procedure 3.800 and various other rules filed by the Criminal Appeal Reform Act Committee. See Amendments to Fla. Rules of Crim. Pro. 8. 111(e) & S.800 & Fla. Rules ofApp. Pro.' 9.020(h), 9.11*0, & 9.600, 761 So.2d 1015 (Fla.1999).
The Criminal Procedure Rules Committee proposes these amendments in response to a request from this Court to consider rule changes suggested by Judge Martha Warner. In a letter to the Court, Judge Warner points out that in many circuits defendants are not being served with a copy of the written judgment and sentence and there is no rule requiring such service. Judge Warner further points out that rule 3.800(b), which allows a motion to correct a sentencing error to be filed in the trial court within thirty days after the rendition of the sentence, is premised on the assumption the defendant will receive a copy of the sentencing order in sufficient time to review it for accuracy and seek relief under rule 3.800(b) should a sentencing error be identified. With this assumption in mind, Judge Warner suggested that a rule should be adopted requiring that the defendant be served with of a copy of the judgment of conviction and sentence. Judge Warner also suggested *68 that the subject of jail credit be addressed at the time of sentencing, by having the state calculate the jail credit for time served and placing it on the scoresheet. This would give the defendant the opportunity to question jail time credit at the time of sentencing or move to correct pursuant to rule 3.800(b) if a mistake has been made. Judge Warner’s suggestions were precipitated in part by this Court’s decision in State v. Mancino, 714 So.2d 429 (Fla.1998), where we held that a claim of credit for jail time served is cognizable in a rule 3.800(a)[1] motion to the extent that the record reflects an undisputed entitlement to credit for time served and a sentence that fails to give such credit. Although it is not clear from the opinion, Mancino presumably sought relief under rule 3.800(a) because the sentencing error was not discovered within the thirty-day period in which to bring a rule 3.800(b) motion to corre.ct.
In 1996, this Court adopted a new rule 3.800(b) in response to the Criminal Appeal Reform Act of 1996. See Amendments to Fla. Rules of App. Pro., 696 So.2d 1103, 1105 (Fla.1996); Amendments to Fla. Rule 'of App. Pro. 9.020(g) & Fla. Rule of Crim. Pro. 3.800, 675 So.2d 1374 (Fla.1996). As relevant here, the Act conditions the right to appeal a judgment or sentence “upon the preservation of a prejudicial error or the assertion of a fundamental error.” 696 So.2d at 1105; see also § 924.051(3), Fla. Stat. (Supp.1996). In response to that limitation, this Court adopted a new subdivision (b) authorizing the filing of a motion to correct sentence in the trial court. It was our intent to allow defendants to correct sentencing errors as soon as possible in the trial court, while at the same time providing a mechanism for preserving sentencing errors which may not be apparent at the time of sentencing. See 696 So.2d at 1103-05. In this regard, the new subdivision (b) was added in order to allow criminal defendants to file a motion to correct sentencing errors in the trial court within thirty days[2] after the sentence is rendered. Id. at 1105. We also amended Florida Rule of Appellate Procedure 9.020(h) (formerly 9.020(g)) to delay the “rendition” of the final order for purposes of appeal until the trial court disposes of the rule 3.800(b) motion. See 675 So.2d at 1375. Thus, under the rules as amended in 1996, the defendant has thirty days to file the notice of appeal after the trial court rules on any sentencing error timely raised in a rule 3.800(b) motion.
As Judge Warner points out, these rules were premised on the assumption that a defendant or his or her counsel will receive a copy of the sentencing order and be able to review it in sufficient time to file a motion to correct any sentencing error that may be found. See 696 So.2d at 1105 (expanding time to file motion from ten to thirty days because attorneys were not timely receiving copies of the sentencing order). However, it seems that in the majority of circuits defendants are not receiving copies at least in part because the written judgment and sentence is not entered at the time of sentencing when the parties are present; and there is no rule requiring that they be served with copies of the judgment and sentence within a specified time period that would allow for the timely filing of a rule.3.800(b). Therefore, many times sentencing errors are not detected until appellate counsel reviews *69 the transcripts of the sentencing hearing and the written judgment and sentence. At that point, counsel is left to argue that the error constitutes fundamental error under section 924.051(3), Florida Statutes (1997).[3] See, e.g., Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998) (recognizing that sentencing errors can constitute fundamental error that can be raised for the first time on direct appeal); Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999) (same); Jordan v. State, 728 So.2d 748 (Fla. 3d DCA 1998) (same), review granted, 735 So.2d 1285 (Fla.1999); but see Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998) (holding unpreserved sentencing error will not be considered fundamental error correctable on direct appeal), review granted, 718 So.2d 169 (Fla.1998). This state of affairs is clearly contrary to the rule’s original purpose — to relieve the appellate courts’ workload by ensuring that sentencing errors are first addressed by the trial court. See 696 So.2d at 1103.
In Amendments to Florida Rules of Criminal Procedure S. 111(e) & S.800 & Florida Rules of Appellate Procedure 9.020(h), 9.NO, & 9.600, 761 So.2d 1015 (Fla.1999), which we also issue today, we recognize this apparent failure of rule 3.800(b) to provide “a ‘failsafe’ method to detect, correct and preserve sentencing errors.” Id. at 1017. In that case, we adopt amendments which were proposed by the Criminal Appeal Reform Act Committee (CARA Committee). The CARA Committee was appointed by Chief Justice Harding in January 1999 to review rules of procedure affected by the Criminal Appeal Reform Act and to propose amendments to the rules to better implement the Act as it relates to sentencing. Most significantly, as relevant here, we have amended rule 3.800(b) to further expand the period in which a motion to correct a sentencing error can be filed in the trial court and to allow the State to file a rule 3.800(b) motion to correct sentence if the correction would benefit the defendant. Id. at 1017-19. As amended, rule 3.800(b)(1) continues to provide for the filing of a motion to correct a sentencing error in the trial court during the time allowed for the filing of a notice of appeal. However, under new rule 3.800(b)(2), if a notice of appeal has been filed, a motion to correct a sentencing error also can be filed in the trial court any time up until the party’s first appellate brief is filed. Id. at 1018. The deadline for filing the first appellate brief is then extended until ten days after the supplemental record from the proceedings held on the motion to correct the sentencing error is transmitted. Id. The later amendments allow appellate counsel to seek to correct and thereby preserve sentencing errors that are discovered while preparing for appeal. In adopting those amendments, we hoped to “provide an effective, and hopefully more ‘failsafe,’ procedural mechanism through which defendants can present their sentencing errors to the trial court and thereby preserve them for appellate review.” Id. at 1017-18. The amendments we adopt in this case are intended to further that goal.
RULE 3.670
Turning to the amendments at issue in this case, the proposed amendment to rule 3.670, Rendition of Judgment, provides that within fifteen days of rendition of the judgment and sentence, the clerk of court shall serve the defendant and counsel for the defendant and the State with a copy of *70 the judgment of conviction and sentence. The proposed amendment further provides that the clerk must include a certificate of service indicating the date of service. The Rules of Criminal Procedure Committee believes that the amendment will save judicial resources and eliminate unnecessary appeals concerning sentencing errors. The rules committee agrees with Judge Warner that fundamental fairness requires that a defendant receive a copy of the sentence in order to timely utilize the provision of rule 3.800(b) (now rule 3.800(b)(1)). The rules committee also believes that the amendments comply with the Court’s decision in Mancino that a claim of credit for jail time served is cognizable in a rule 3.800 motion to the extent that court records reflect an undisputed entitlement to credit and a sentence that fails to grant such credit. The committee believes that a time certain for service is necessary to avoid ambiguous interpretations of the rule by clerks of court. The rules committee discussed possible difficulties in serving defendants but concluded that court clerks would be able to obtain address changes at sentencing hearings.
The majority of clerks of court commenting on this proposal were opposed to the amendment. The clerks’ primary concern is that they will have no way of knowing where the defendant will be fifteen days after sentencing. They point out that offenders sentenced to prison may be sent to any of a number of prison facilities and that some are transported to other counties to face pending charges. Thus it will be difficult to determine mailing addresses for such defendants. At oral argument the clerks argued that, if the proposed amendment is adopted, it should only require service on counsel for ,the defendant and for the State. However, according to the comment filed by the Clerk of the Circuit Court in Charlotte County, that clerk’s office is currently furnishing copies of the judgment and sentence to the defendant at the time of sentencing and to counsel soon thereafter. We also understand that in Pasco County, copies of the judgment and sentence forms are distributed at sentencing in county court. It is unclear to us how these clerks are able to deliver copies of the judgment and sentence at the time of sentencing while others are not; but delivering copies at the time of sentencing clearly would be the most efficient way of serving the parties.
In this regard, in its petition in case No. 95,707, 761 So.2d 1015, the CARA Committee has informed us that it is currently considering “the use of standardized, computer-generated sentencing documents that a trial court could prepare and serve on a defendant at the sentencing hearing after the oral pronouncement of sentence.” We agree with the CARA Committee that the use of standardized sentencing documents that can be served on a defendant at sentencing will make the rules committee’s proposed amendment to rule 3.670 unnecessary. However, the CARA Committee’s computer pilot project is only in its preliminary stages and if the project is successful it likely will be a number of years before all circuits are set up to provide computerized copies of the necessary documents at the time of sentencing. Therefore, we believe that a modified version of the rules committee’s proposed amendment to rule 3.670 should be adopted in the interim.
The version of rule 3.670 that we adopt today does not require service on the defendant. We agree with the clerks of court that too often it will be impossible for them to know where to serve the defendant. We believe that if defense counsel is served with a copy, he or she can ensure that the defendant receives a copy. While we agree with the rules committee that it is the defendant who has the most to gain from identifying possible sentencing errors, we believe that defense counsel ultimately should be responsible for reviewing the sentencing order for error. Under the new version of rule 3.800(b), which expands the time for raising sen *71 tencing errors in the trial court, there should be adequate time for either trial or appellate counsel to review the written judgment and sentence for error.
We also believe that it is necessary to modify the proposed rule to allow for service within fifteen days of the judgment and sentence being filed with the clerk of court. This will ensure that the time for service will not begin to run until the clerk of court actually has possession of the signed judgment and sentence. We were told at oral argument that many times the clerk of court does not receive a signed judgment and sentence until days or even weeks after the sentencing hearing. Although the rule as adopted does not provide for service until the judgment and sentence are received by the clerk’s office, we encourage trial judges to sign the judgment and sentence and return it to the clerk as soon as possible after the sentencing hearing. The sooner a written sentencing order is entered, the less likely it is that there will be deviations from the oral pronouncement requiring subsequent correction.
We also see no reason to require clerks of court who are currently providing copies of the judgment and sentence at the time of sentencing to serve further copies or to include a certificate of service in the hand-delivered copy. Therefore, we have added a provision making clear that if it is the practice of the trial court or the clerk of court to hand deliver copies of the judgment and sentence at the time of sentencing and copies are in fact hand delivered at that time, hand delivery shall be noted in the court file, but no further service shall be required and the certificate of service need not be included on the hand-delivered copy.
RULE 3.700(b)
Next, we turn to the proposed amendment to rule 3.700(b), Pronouncement and Entry [of Sentence]. The proposed amendment to subdivision (b) requires that the amount of jail time credit the defendant is to receive[4] be pronounced in open court at the time the sentence is pronounced. This is a companion to the proposed amendment to rule 3.670. The rules committee does not provide further explanation for the amendment, but it is obviously in response to Judge Warner’s suggestion that jail time credit be included on the scoresheet. It appears from the comments received that in some circuits it is currently impossible for jail time credit to be calculated with certainty at the time of sentencing.
In State v. Mancino, we explained the problem faced by trial courts in attempting to calculate jail credit at sentencing by quoting Judge Chris Altenbernd’s[5] observations on the subject:
From reviewing many sentencing transcripts, it is clear to me that trial judges use several different procedures to determine jail credit at sentencing. Some court files contain a detailed log of jail credit and others have little or no information about time served in the local county jail. Time served in jails outside the county is rarely documented in the court file. At sentencing hearings, judges are often forced to make a quick “guesstimate” of jail credit with assistance from the defendant and counsel.... When the trial court guesses low, invariably the defendant discovers this error while in prison and files a . motion requesting relief.
At this time, there is no adequate statewide source of information to help *72 the trial judge make this calculation, and there is no adequate review procedure for the prisoner. The issue is rarely preserved for review by direct, appeal. .. .[A]t least in theory, this issue can be raised by the defendant’s attorney prior to appeal in a motion pursuant to the new rule 3.800(b). Unless the public defenders who handle cases at trial significantly modify their procedures, however, they will not discover these errors within the rule’s 30-day period.
[[Image here]]
I do not profess to be an expert on the best methods to record and calculate jail credit. I do know, however, that the Department of Corrections already calculates prison credit when a trial judge checks the box for prison credit on the written sentence. In this computer age, the legislature could authorize the Department to obtain statewide records for use in all cases. I believe the trial court should at least have the option of allowing the Department to calculate jail credit in complex cases. This certainly would be better than forcing trial judges to scribble calculations while reciting “thirty days hath September” at every sentencing hearing.
If it is not feasible for the legislature to delegate this task to the Department, then the supreme court should consider the creation of a specific rule of procedure to allow these matters to be processed in the trial courts and reviewed on appeal in a timely and efficient manner.
Mancino, 714 So.2d at 431-32 (Fla.1998) (quoting Chojnowski v. State, 705 So.2d 915, 917-19 (Fla. 2d DCA 1997) (Alten-bernd, J., concurring specially)).
The comments we have received in this case confirm Judge Altenbernd’s observations. They also point out that in many cases jail time served must be obtained from a number of sources and it is unclear who should be responsible for providing the court with this information. As Judge Altenbernd notes, it would make sense for the Department of Corrections to be given this task. However, we are not in a position to direct the Department to undertake such an endeavor. As to Judge Alten-bernd’s suggestion that this Court should consider adopting a specific rule to address the problem, we are unsure how best to approach the problem within the context of a rule of procedure. Judge Warner recommended that the State include jail time served on the scoresheet. The rules committee’s proposal simply requires that the trial court pronounce the amount of jail time credit that will be awarded at the time the sentence is pronounced; it makes no provision for how the trial court is to get the necessary information or who will be responsible for providing the information. The majority of clerks of court maintain that they are unable to provide this information to the trial court at the time of sentencing and we have no authority to direct the Department of Corrections to develop a system to provide this information.
With these realities in mind, we have asked the CARA Committee, which is chaired by Judge Altenbernd, to consider whether it is feasible to include credit for time served on the scoresheet as recommended by Judge Warner. It is also possible that the CARA Committee’s computer project, discussed above, may provide a ready means to inform the defendant at sentencing of jail credit that will be awarded. However, as an interim measure, we amend rule 3.700(b) to provide that if the amount of jail time served is available to the trial court at the time of sentencing the trial court shall pronounce in open court the jail credit to be awarded at the time the sentence is pronounced.
Accordingly, we amend rules 3.670 and 3.700(b) as reflected in the appendix. New language is indicated by underscoring. The amendment to rule 3.700(b) is effective immediately. In order to allow the clerks of court time to take any action necessary to implement the amendment to *73 rule 3.670 that amendment shall become effective January 1, 2000, at 12:01 a.m.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., concurs in result only.
APPENDIX
RULE 3.670. RENDITION OF JUDGMENT
If the defendant is found guilty,' a judgment of guilty and, if the defendant has been acquitted, a judgment of not guilty shall be rendered in open court and in writing, signed by the judge, filed, and recorded. However, the judge may withhold an adjudication of guilt if the judge places the defendant on probation.
When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation, or revokes probation, the judge shall forthwith inform the defendant concerning the rights of appeal therefrom, including the time allowed by law for taking an appeal. Within 15 days after the signed written judgment and sentence is filed with the clerk of court, the clerk of the court shall serve on counsel for the defendant and counsel for the state a copy of the judgment of conviction and sentence entered, noting thereon the date of service by a certificate of service. If it is the practice of the trial court or the clerk of court to hand deliver copies of the judgment and sentence at the time of sentencing and copies are in fact hand delivered at that time, hand delivery shall be noted in the court file, but no further service shall be required and the certifí-cate of service need not be included on the hand-delivered copy.
Committee Notes
1968 Adoption. To the same effect as section 921.02, Florida Statutes, except the portion reading “in writing, signed by the judge” which was added. Last sentence was added to permit the judge to operate under section 948.01(3), Florida Statutes.
The Florida law forming the basis of this proposal is found in article V, sections 4 and 5, Constitution of Florida, concerning the right of appeal from a judgment of conviction; section 924.06, Florida Statutes, specifying when a defendant may take an appeal; section 924.09, Florida Statutes, and Florida Criminal Appellate Rule 6.2 concerning the time for taking appeals by a defendant in criminal cases; and section 948.011, Florida Statutes, providing for a sentence of a fíne and probation as to imprisonment.
The purpose of the proposed rule is to provide assurance that a defendant, represented or unrepresented by counsel, will have authoritative and timely notice of the right to appeal.
1972 Amendment. Same as prior rule [but some terminology has been changed],
RULE 3.700. SENTENCE DEFINED; PRONOUNCEMENT AND ENTRY; SENTENCING JUDGE
(a) Sentence Defined. The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the- offense of which the defendant has been adjudged guilty.
(b) Pronouncement and Entry. Every sentence or other final disposition of the case shall be pronounced in open court, including, if available at the time of sentencing, the amount of jail time credit the defendant is to receive. The final disposition of every case shall be entered in the minutes in courts in which minutes are kept and shall be docketed in courts that do not maintain minutes.
(c) Sentencing Judge.
(1) Noncapital Cases. In any case, other than a capital ease, in which.it is necessary that sentence be'pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentenc *74 ing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.
(2) Capital Cases. In any capital case in which it is necessary that sentence be pronounced by a judge other than the judge who presided at the capital trial, the sentencing judge shall conduct a new sentencing proceeding before a jury prior to passing sentence.
Committee Notes
1968 Adoption. This rule is a revamped version of section 921.05, Florida Statutes.
1972 Amendment. Subdivisions (a) and (b) are substantially the same as in former rule. Subdivision (c) was added to emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea. The rule makes provision for emergency situations when such judge is unavailable.

. At the time of the Mancino decision, rule 3.800(a) provided:
A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.

. The rule as originally proposed provided only ten days to file a motion to correct sentence. The Court expanded the period when the shorter period proved unworkable because attorneys often did not receive copies of the sentencing orders in sufficient time to file a motion under the rule. See Amendments to Fla. Rules of App. Pro., 696 So.2d 1103, 1105 (Fla.1996); see also Amendments to Fla. Rule of App. Pro. 9.020(g) & Fla. Rule of Crim. Pro. 3.800, 675 So.2d 1374 (Fla.1996).

. Section 924.051(3) provides:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.

. Section 921.161(1), Fla. Stat. (1997), provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.

. Judge Altenbernd currently serves as chair of the Criminal Appeal Reform Act Committee.