PARIENTE, J.
In December 1998, Chief Justice Harding created the Criminal Appeal Reform Act Committee (the CARA Committee)[1] to review all rules of procedure affected by the Criminal Appeal Reform Act of 1996 (the Act) in light of unexpected problems that arose in implementing the intent of the Act, especially with regard to the early detection and correction of sentencing errors. The Court urged the Committee to expedite its deliberations, but to elicit input from all other related rules committees and from attorneys with expertise in the field.[2] Accordingly, the CARA Committee filed this emergency petition requesting this Court to consider amendments to the Florida Rules of Criminal and Appellate Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The comments received were overwhelmingly in favor of these amendments as providing a truly effective mechanism for the trial courts to correct sentencing errors at their earliest opportunity. After considering the comments received in response to the proposed amendments, we hereby adopt the rules proposed by the CARA Committee as set forth in the appendix to this opinion.
In Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104 (Fla.1996), this Court considered the effect of two primary provisions of the Act:
*1016 (3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constante fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
(4) If a defendant pleads nolo conten-dere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
§ 924.051(3)-(4), Fla. Stat. (Supp.1996) (emphasis supplied). The Legislature intended that “all terms and conditions of direct appeal and collateral review be strictly enforced ... to ensure that all claims of error are raised and resolved at the first opportunity.” § 924.051(8), Fla. Stat. (Supp.1996).
In response to the Act, this Court adopted Florida Rule of Criminal Procedure 3.800(b), “[bjecause many sentencing errors are not immediately apparent at sentencing, [and] we felt that this rule would provide an avenue to preserve sentencing errors and thereby appeal them.” Amendments, 696 So.2d at 1105 (emphasis supplied). Thus, we adopted rule 3.800(b) to accomplish two purposes. First, we intended to provide defendants with a mechanism to correct sentencing errors in the trial court at the earliest opportunity, especially when the error resulted from a written judgment and sentence that was entered after the oral pronouncement of sentence. Second, we intended to give defendants a means to preserve these errors for appellate review.
Rule 3.800(b) currently allows criminal defendants to file a motion to correct sentencing errors in the trial court within thirty days after the sentencing proceeding.[3] Operating in tandem with rule 3.800(b), Florida Rule of Appellate Procedure 9.020(h) delays the “rendition” of the final order until the trial court disposes of the rule 3.800(b) motion. Thus, the defendant currently has thirty days to file the notice of appeal after the trial court rules on any sentencing error preserved through a rule 3.800(b) motion.
These statutory and rule changes embodied a policy decision intended to “relieve the workload of appellate courts” and to “place correction of alleged errors in the hands of the judicial officer [the trial judge] best able to investigate and to correct any error.” Maddox v. State, 708 So.2d 617, 621 (Fla. 5th DCA 1998) (en banc), review granted, 718 So.2d 169 (Fla.1998). Unfortunately, these statutory and rule changes did not have their intended effect of conserving the judicial resources of the appellate courts, while at the same time providing for sentencing errors to be addressed at their earliest opportunity in the trial courts.
The Act has opened an entirely new debate in the appellate courts as to what constitutes fundamental sentencing error on appeal and whether any unpreserved sentencing error, no matter how egregious, can be considered on appeal. The Fifth District has broadly stated that no unpre-served sentencing error will be considered fundamental or correctable on direct appeal. See Maddox, 708 So.2d at 620. In contrast, the First, Second, Third, and Fourth Districts continue to recognize that errors in sentencing can constitute “fundamental error” that can be raised on direct appeal despite the lack of preservation. *1017 See Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998) (en banc); Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999) (en banc); Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998) (en banc); Jordan v. State, 728 So.2d 748 (Fla. 3d DCA 1998), review granted, 735 So.2d 1285 (Fla.1999). This Court has accepted jurisdiction over the Fifth District’s decision in Maddox, and dozens of other related cases, in which this Court has been asked to resolve this split in the districts by determining whether unpreserved sentencing errors can be raised on direct appeal.
In reaching its conclusion that no sentencing error should be considered fundamental, the Fifth District rhetorically asked “why should there be ‘fundamental’ error where the courts have created a ‘failsafe’ procedural device to correct any sentencing error or omission at the trial court level?” Maddox, 708 So.2d at 620. Unfortunately, however, as the CARA Committee discovered, the reality is that rule 3.800(b) as it is currently written has fallen far short of the goal of providing a “failsafe” method for defendants to seek to have sentencing errors corrected in the trial court and thereby preserve them for appellate review. The plethora of appellate cases addressing the issue of whether unpreserved sentencing error may be presented on appeal demonstrates that despite the availability of the present rule 3.800(b), many sentencing errors have gone unnoticed and uncorrected by trial counsel, the prosecutor, and the trial court. There are multiple reasons why rule 3.800(b) has failed to provide a “failsafe” method to detect, correct and preserve sentencing errors.
Apparently, in many circuits the written judgment and sentence is not entered during the sentencing hearing when the defendant and his or her attorney are present. It has been asserted that in many instances defendants and their attorneys do not even receive copies of their sentences within the thirty-day period the present rules allow for filing a motion to correct the sentence. This problem may have arisen in part because there is no present procedural rule that requires service of the written judgment within a specified period of time.[4] Thus, many errors that are only discovered when the written sentence is examined, such as the frequently occurring errors involving deviations between the oral pronouncement and written sentences, may only be detected when appellate counsel is preparing the appellate brief and has the opportunity to review the transcript of the sentencing hearing and the written judgment.
An additional reason that rule 3.800(b) as currently written has failed to provide a workable mechanism for defendants to correct these errors is that sentencing, which once was a straightforward function for trial courts, has become increasingly complex as a result of multiple sentencing statutes that often change on a yearly basis. In addition, trial counsel have come to rely upon appellate counsel to detect these errors and raise them on appeal.
After consideration of the proposed amendments and the comments received from interested parties, we conclude that adoption of these amendments will provide an effective, and hopefully more “failsafe,” procedural mechanism through which defendants may present their sentencing errors to the trial court and thereby pre *1018 serve them for appellate review. The CARA Committee stated it was aware that the Court had considered and rejected a proposal in 1996 that would have allowed appellate courts to relinquish jurisdiction to trial courts in order to obtain rulings on unpreserved sentencing errors. See Amendments, 696 So.2d at 1104. However, rather than suggesting relinquishment that would result in increasing the appellate workload, the CARA Committee concluded that:
Rule 3.800(b) should be revised to give the State the right to file a motion pursuant to Rule 3.800(b) and also to give both parties a limited right to file a motion in the trial court during the initial stages of the appeal without requiring the appellate court to enter any order relinquishing jurisdiction.
(Emergency Pet. to Amend Fla. Rule of Crim. Pro. 3.800 and Fla. Rule of App. Pro. 9.020(h), 9.140, and 9.600 at 4.)
The most important change in the new rule is that it significantly expands the period in which a motion to correct a sentencing error can be filed in the trial court. As with the current rule, rule 3.800(b)(1) will allow a motion to correct a sentencing error to be filed in the trial court during the time allowed for the filing of a notice of appeal. However, under the new rule 3.800(b)(2), if a notice of appeal has been filed, a motion to correct a sentencing error can also be filed in the trial court at any time until the first appellate brief is filed. The deadline for filing the first appellate brief is then extended until ten days after the clerk of the circuit court transmits the supplemental record from the proceedings held on the motion to correct the sentencing error, which includes the motion, the order, any amended sentence, and the transcript if designated.
Thus, an advantage of this amendment is that it will give appellate counsel, with expertise in detecting sentencing errors, the opportunity to identify any sentencing errors and a method to correct these errors and preserve them for appeal. Unless the motion to correct the sentencing error states that appellate counsel will represent the movant in the trial court, trial counsel will represent the defendant. If the State files the motion, trial counsel will represent the defendant.
Another advantage of the rule is that it requires the movant to specifically identify the alleged sentencing error and propose how the trial court should correct the error. The rule further requires a response within fifteen days either admitting or denying the sentencing error. In many cases, we anticipate that clear errors will be corrected by agreement of the parties, thus eliminating the necessity for resolution by the appellate court and minimizing the involvement of the trial court. In appeals involving only the issue of a sentencing error, this resolution would allow for dismissal of the appeal after the error has been corrected.
For those sentencing errors that cannot be resolved by the good-faith cooperation of the parties, subdivision 3.800(b)(1)(B) provides the time limits for the trial court to dispose of the motion so as to minimize any delays in the appellate process. Unless the trial court determines that the motion can be resolved as a matter of law, the trial court must hold a calendar call within twenty days after the motion is filed to either rule on the motion or determine the need for an evidentiary hearing. If an evidentiary hearing is needed, it shall be set within twenty days of the calendar call. However, the trial court must rule on the motion within sixty days of filing or it is deemed denied. The comments to the proposed rule state that “trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process.” Trial courts thus have the opportunity to address and correct sentencing errors, which might eliminate the need for an appeal in many cases and also reduce the number of postconviction motions related to sentencing and appeals therefrom.
*1019 Any delay to the appellate process caused by these amendments will be more than offset by the fact that the parties will now be given a workable procedure to correct these sentencing errors in the trial court before the appeal and to preserve these errors for appellate review. This early correction of these sentencing errors will further the goal of judicial efficiency as well as ensure the integrity of the judicial process.
We now address three concerns raised by the parties filing comments on the proposed amendments. Many of those filing comments expressed concern that under the new rule, as proposed, the State will now be allowed to file a motion to correct a sentencing error. During oral argument, the chair of the CARA Committee represented that the intent of the amendment was to give the State the opportunity to file motions to correct sentencing errors only if the correction would benefit the defendant. Accordingly, we have clarified the rule to provide that the State may file a motion to correct a sentencing error only if the correction of the error benefits the defendant.
This amendment is not intended to alter the substantive law of the State concerning whether a change to the defendant’s sentence violates the constitutional prohibition against double jeopardy. See, e.g., Cheshire v. State, 568 So.2d 908, 913 (Fla.1990); Goene v. State, 577 So.2d 1306, 1308-09 (Fla.1991); Troupe v. Rowe, 283 So.2d 857, 859-60 (Fla.1973). As clarified, this rule will help ensure that when the State discovers a sentencing error that has disadvantaged the defendant, it too will have a concomitant duty to bring this error to the attention of the trial court through the appropriate motion. We would anticipate that in these situations, a stipulation of the parties could be submitted to the trial court to achieve this correction immediately.
We secondly address the concern of some of the public defenders and the Florida Appellate and Criminal Rules Committees that the amendments would not allow a rule 3.800(a) motion to be filed during the pendency of the appeal. However, the amended rule is intended to provide one mechanism whereby all sentencing errors may be preserved for appellate review. The comments to the proposed rule defines a “sentencing error” as including “harmful errors in orders entered as a result of the sentencing process. This includes errors in orders of probation, orders of community control, cost and restitution orders, as well as errors within the sentence itself.” The amendment to rule 3.800(a) will make it clear that a rule 3.800(b) motion can be used to correct any type of sentencing error, whether we had formerly called that error erroneous, unlawful, or illegal. Thus, a party can correct an illegal sentence through a rule 3.800(b) motion, or alternatively, following the appeal, a party may file a 3.800(a) motion to correct the sentence in the trial court.
Allowing a rule 3.800(a) motion to be filed during the pendency of the appeal could frustrate the entire scheme of the amendments to rule 3.800(b) proposed by the CARA committee. This is especially so in light of.the continuing difficulty of defining precisely what type of sentencing errors constitute illegal sentences. In those small number of cases involving illegal sentences discovered after the briefs have been filed, which necessitate immediate resolution because the defendant would have served the legal portion of the sentence prior to the conclusion of the appeal, we would urge the State and the defendant to work cooperatively to correct those errors.[5]
Third, we agree with the comments of the Florida Bar Criminal Rules Committee and others that in addition to amending *1020 Rule of Appellate Procedure 9.140(b)(5), concerning the withdrawal of trial counsel, rule 3.111(e) should also be amended so that the two rules remain in conformity. Thus, we have included an amendment to that rule in this opinion.
In conclusion, the primary goal of these amendments is to ensure that sentencing errors will be corrected at the earliest possible opportunity by the trial court. If the amendment fulfills this goal, the ultimate result will be an overall conservation of judicial resources without sacrificing the rights of defendants to receive a proper and lawful sentence. In addition, these amendments will help preserve the public trust and confidence in the judicial process that might be undermined if defendants are not provided with a meaningful mechanism in which to correct and preserve for appellate review sentencing errors. If unanticipated problems arise as a result of these amendments, we request that the CARA Committee, which is currently working on other rule changes as well as other ways to enhance the reliability of the sentencing process, bring these problems to the Court’s attention.
Accordingly, the amendments set forth in the appendix shall become effective immediately and shall also apply to cases pending on appeal. New language is underlined, and deleted language is shown in struck-through type.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD and LEWIS, JJ., concur.
WELLS and QUINCE, JJ, concur in part and dissent in part with opinions.

. The Committee is composed of a panel of distinguished appellate and trial judges. Judge Chris W. Altenbernd was appointed to chair the committee. Other members include Judge Michael E. Allen, Judge Michael Cha-vies, Judge O.H. Eaton, Judge Michael A. Genden, Judge Nelly Khouzam, and Judge Stan R. Morris.

. The Committee received input from representatives of the Criminal Rules Committee, the Appellate Rules Committee, the Attorney General’s Office, and the Public Defenders' Offices.

. Originally, the rule provided defendants with only ten days following the sentencing proceeding to file the motion to correct the sentencing error. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla.1996). That short period proved unworkable, however, and the period was expanded to thirty days. See id.

. No procedural rule currently requires that defendants receive a copy of their conviction and sentence within the thirty-day period allowed for defendants to bring a rule 3.800(b) motion. We have responded to this problem in another opinion issued today, Amendments to Florida Rules of Crimmal Procedure 3.670 & 3.700(b), 760 So.2d 67 (Fla.1999). In that case, we have adopted a proposal by the Criminal Rules Committee to amend rule 3.670 to require service of the judgment and sentence on defense counsel within fifteen days. In addition, the CARA Committee is testing a computer program that would use a database shared by the court, the clerk's office, the prosecutors, and the public defenders in order to generate rapid and accurate sentencing documents during the sentencing hearing.

. If the justice of the individual case requires it due to circumstances such as a short sentence, a joint motion by the parties requesting relinquishment of jurisdiction to the trial court for the limited purpose of correcting an illegal sentence may be appropriate.