757 So.2d 532 (2000)
Bradley ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0963.
District Court of Appeal of Florida, Fourth District.
March 22, 2000.
Rehearing Denied May 10, 2000.
*533 Michael D. Gelety, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
The appellant, Bradley Robinson, pled guilty to trafficking in cocaine in violation of Florida Statutes section 893.135, facing a mandatory minimum of 15 years imprisonment and a $250,000 fine. As a result of a motion for reduction of sentence made by the State, the trial court sentenced Robinson to five years probation and adjudication was withheld. Thereafter, the State filed a rule 3.800 motion to correct illegal sentence, arguing that the trial court lacked jurisdiction to withhold adjudication under the drug trafficking statute. The trial court agreed, granted the motion, adjudicated Robinson guilty and re-sentenced him to five years probation. We vacate the trial court's order on the State's motion to correct illegal sentence because the sentence imposed, which included the withholding of adjudication, although legally improper based on the existing case law,[1] was not an "illegal sentence."
Recently, in Blakley v. State, 746 So.2d 1182, 1185-86 (Fla. 4th DCA 1999), this court made clear that the "short list" of illegal sentences includes only:
(1) those sentences in excess of the statutory maximum; (2) those sentences that fail to give credit for record jail time; and (3) those sentences that violate double jeopardy by a post sentencing enhancement clear from the record.
*534 The State could have taken a timely direct appeal from the trial court's initial sentencing of Robinson to a withhold of adjudication, but it did not. See Gartrell v. State, 626 So.2d 1364 (Fla.1993)(holding that imposition of downward departure sentence without written reasons, though improper and correctable on direct appeal, was not an illegal sentence reachable by a motion to correct illegal sentence); Holmes v. State, 711 So.2d 565 (Fla. 2d DCA 1997)(same).
The State filed its motion under the generic heading "motion to correct illegal sentence." Motions for correction of sentences come under the rubric of either Florida Rule of Criminal Procedure 3.800(a) or 3.800(b). Rule 3.800(b) is headed "Motion to Correct Sentencing Error" and may be filed by a defendant within 30 days after rendition of the sentence for correction of any sentencing error.[2] Rule 3.800(a), entitled "Correction," both before and after the amendments, allows the trial court to, "at any time," correct an illegal sentence.
Unlike rule 3.800(b), rule 3.800(a) does not expressly provide that the motion to correct illegal sentence can only be filed by the defendant. While rule 3.800(a), like rule 3.800(b), was designed as a vehicle to provide relief to a defendant from the prejudicial effects of an illegal sentence, we do not read rule 3.800(a) as flatly prohibiting the State from filing the motion. In our view, as an officer of the court, a prosecuting attorney who became aware that the trial judge had sentenced the defendant to an illegal sentence within the meaning of Davis v. State, 661 So.2d 1193 (Fla.1995), and its progeny, would be ethically obliged to file the appropriate motion to correct the injustice. Therefore, we cannot agree with the special concurrence that the State is not "authorized" to file a motion to correct illegal sentence under rule 3.800(a). In this case, the State was "authorized" to file the motion, but the motion had no merit and should have been denied.
Accordingly, we vacate the trial court's order on the State's motion to correct illegal sentence and remand for the trial court to re-impose the original sentence withholding adjudication.
REVERSED and REMANDED.
FARMER, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree that we must reverse, but I would reverse for a different reason, which is that rule 3.800 does not authorize the motion to correct an illegal sentence filed by the state in this case.
The trial court knew, at the time it withheld adjudication, that the withhold may not have been authorized under section 893.135. The court nevertheless went ahead and withheld adjudication, stating that if the law did not authorize such a sentence, the court would change the sentence.
About ten days later, the state filed a motion to correct illegal sentence and the court granted the motion. What the trial court should have done, of course, was to have waited until it knew whether it could withhold adjudication.
Rule 3.800 did not, at the time the state filed this motion, authorize such a motion to be filed by the state. When our supreme court recently amended rule 3.800, it considered, but ultimately rejected amending the rule in that regard. *535 Amendment to Rules of Criminal Procedure 3.111(e), 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140 and 9.600, 24 Fla. L. Weekly S530, ___ So,2d ___, 1999 WL 1029285 (Fla. Nov.12, 1999); reh'g granted, 25 Fla. L. Weekly S37, ___ So.2d at ___, 1999 WL 1029285 (Fla. Jan. 13, 2000). The recent amendment does authorize the state to file a motion under rule 3.800(b) but "only if the correction of the sentencing error would benefit the defendant." In rejecting allowing motions by the state which would increase defendant's sentence, the court recognized that this has double jeopardy implications. 24 Fla. L. Weekly at S532, ___ So.2d at ___, 1999 WL 1029285.
NOTES
[1] See Doumar v. State, 507 So.2d 735 (Fla. 4th DCA 1987)(holding that a trial court may not withhold adjudication for a drug trafficking offense under section 893.135).
[2] At the time the motion was filed, rule 3.800(b) expressly provided that only the defendant could file a motion to correct a sentence under that subsection. The rule has since been amended to allow the State to file a motion to correct a sentence under rule 3.800(b), but only if it "would benefit" the defendant. Amendment to Fla. Rules of Criminal Procedure 3.111(e), 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 24 Fla. L. Weekly S530 ___ So.2d ___, 1999 WL 1029285 (Fla. Nov. 12, 1999), reh'g granted, 25 Fla. L. Weekly S37, ___ So. 2d ___, 1999 WL 1029285 (Fla. Jan. 13, 2000).