WELLS, J.,
concurring in part and dissenting in part.
I certainly respect and appreciate the hard work of Justice Pariente in this labyrinth of cases. In concur in the result obtained in all cases except Butler v. State, 723 So.2d 865 (Fla. 1st DCA 1998). In Butler; I find the district court’s conclusion that Butler was “not prejudiced” by the error undermines this Court’s determination that the error was fundamental.
I write further for two'reasons. First, to acknowledge that I believe Judge Joa-nos’s opinion in Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998), Judge Altenbernd’s opinion in Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999), and Judge Griffin’s opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), were quite correct in their analysis of what this Court did in adopting the amendments to Florida Rule of Appellate Procedure 9.140(d) and Florida Rule of Criminal Procedure 3.800(b) in 1996. . I agree that this Court clearly indicated in Amendments to Florida Rule of Appellate Procedure 9.020(g) & Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996), that it was the Court’s intent -to honor the Legislature’s initiative that sentencing errors be preserved in the trial court as a condition of appeal. I now concur to the present majority opinion because I conclude that the *114 amendments we adopted in 1996 were not sufficient to assure the proper administration of justice in these cases. I am now hopeful that the most recent amendments by the Judge Altenbernd-chaired Criminal Appeals Reform Act Committee will be sufficient, and now all errors will first be presented to the trial court. It is my view that rule 9.140(d) must be given its full, plain meaning and effect, beginning with the cases which are covered by this latest amendment.
Second, I believe the result in these cases is dictated by the necessity of orderly process. I am concerned that if all these cases are forced into postconviction that there will be an overwhelmingly adverse impact on the trial courts and, more importantly, that justice in some of these cases will never be served.
Finally, though, I must state that I am concerned about the nebulous definition of fundamental error as being “patent and serious.” “Serious” is, of course, a relative value judgment, and I believe it .will be very difficult to apply. However, I resolve this concern for now with a recognition that this is an evolving definition for a limited period of time. The definition perhaps can be refined as it is applied.
HARDING, C.J., concurs.