PER CURIAM.
We have for review Taylor v. State, 739 So.2d 1277 (Fla. 5th DCA 1999), a decision of the Fifth District Court of Appeal citing as controlling authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
In our recent opinion in Maddox v. State, 760 So.2d 89 (Fla.2000), we held that during the window period, the defendant can raise as fundamental error an unpre-served sentencing error that results in the defendant serving a sentence longer than the statutory maximum for the offense.[1] Taylor claims that the sentence he received after violating his probation exceeds the statutory maximum of five years for a third-degree felony, see section 775.082, because the trial court failed to give him credit for time he had previously served on probation. Because the parties have not adequately briefed the merits of this issue, we remand for the Fifth District to determine whether the failure to credit Taylor with the time he previously served on probation resulted in a sentence that exceeded the statutory maximum for the offense, which would constitute fundamental error under our opinion in Maddox. Therefore, we quash the decision below and remand for proceedings consistent with our opinion in Maddox.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. In Maddox, we addressed the question of whether unpreserved sentencing errors should be corrected in appeals filed in the window period between the effective date of section 924.051, Florida Statutes (Supp. 1996), and our recent amendment to Florida Rule of Criminal Procedure 3.800(b) in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh’g granted, 761 So.2d at 1025. The appeal in this case falls within the window period discussed in Maddox.