DAVIS, Judge.
Having pleaded nolo contendere to improper exhibition of a firearm, Cheryl Wilson now challenges the firearm forfeiture portion of her sentence. The trial court mistakenly believed that it was without jurisdiction to consider Wilson’s motion to correct sentence and denied the motion. In light of amended Florida Rule of Criminal Procedure 3.800, we conclude that the trial court was not deprived of jurisdiction. We reverse and remand for reconsideration.
Wilson filed her timely notice of appeal on October 29, 1999. She then filed a motion to correct sentencing error on March 7, 2000. This motion was timely filed under amended Florida Rule of Criminal Procedure 3.800(b)(2), which allows a party to file such a motion when an appeal is pending if filed before the party’s first appellate brief is served. See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.110, and 9.600, 761 So.2d 1015, 1018 (Fla.1999). Wilson’s first brief was filed and served on April 14, 2000.
The Florida Supreme Court has stated that “a rule 3.800(b) motion can be used to correct any type of sentencing error ...” Id. at 1019. Therefore, we conclude that the trial court did have jurisdiction to hear the motion. We reverse the trial court’s order denying Wilson’s motion to correct sentencing error and remand to the trial court for reconsideration of that motion.
PARKER, A.C.J., and SALCINES, J., Concur.