786 So.2d 595 (2001)
Curtis HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4629.
District Court of Appeal of Florida, First District.
February 20, 2001.
Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant challenges the sentence imposed upon him pursuant to the 1995 sentencing guidelines following the revocation of his probation. Notwithstanding the State's concession of error, we affirm appellant's revocation sentence because appellant failed to preserve his right to raise in this appeal the single subject violation challenge to the 1995 sentencing guidelines recognized in Heggs v. State, 759 So.2d 620 (Fla.2000).
Appellant committed his offense on October 29, 1995. He pled guilty to the charged offense in exchange for a nonincarcerative term of two years' community control to be followed by eight years' probation. After he had completed the community control portion of his sentence and had begun serving the probationary portion of his sentence, he violated one of the conditions of his probation. A new sentencing guidelines scoresheet, prepared in accordance with the 1995 sentencing guidelines and filed with the trial court on November 5, 1999, reflected a presumptive sentencing range of between 69 months' imprisonment (5.75 years) and 115 months' imprisonment (9.58 years). On the same date this sentencing guidelines scoresheet had been prepared and filed with the trial court, the trial court revoked appellant's probation and resentenced him to nine years' imprisonment. Although defense counsel indicated after sentence had been pronounced at the sentencing hearing that he would double check the scoring on appellant's scoresheet after sentencing to make sure the sentence given was within the proper range, defense counsel did not specifically object to the 1995 sentencing guidelines having been used in scoring appellant's *596 scoresheet for the violation of probation sentencing. There is also no record evidence of defense counsel having filed a motion to correct sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b), after the sentencing. Appellant filed his notice of appeal from the revocation proceedings on December 3, 1999.
On appeal, appellant's attorney initially filed an Anders[1] brief on February 10, 2000. He later withdrew that brief and filed, on March 8, 2000, an amended initial brief, arguing for the first time that, as recognized in Heggs v. State, 759 So.2d 620 (Fla.2000), the trial court had committed fundamental error by sentencing him in accordance with the 1995 sentencing guidelines as the chapter law enacting the 1995 changes to the sentencing guidelines had violated the single subject requirement of Article III, section 6 of the Florida Constitution. The State conceded error. We do not accept the State's concession of error because appellant waived his right to challenge his revocation sentencing pursuant to the 1995 sentencing guidelines by having failed to raise the issue in the trial court before the initial brief was filed in this appeal.
In Heggs v. State, 759 So.2d 620 (Fla. 2000), the supreme court held that chapter 95-184, Laws of Florida, which enacted the changes resulting in the 1995 sentencing guidelines, violated the single subject requirement of Article III, section 6 of the Florida Constitution. See id. at 627. While the supreme court concluded that Heggs' single subject challenge to chapter 95-184 could be raised by him for the first time on appeal, see Heggs, 759 So.2d at 624, a close reading of the opinion reveals that the supreme court's conclusion in this regard should only be read as having been applicable to Heggs and not to all defendants who might otherwise meet the criteria for raising the single subject challenge recognized by the supreme court in that case. In Heggs, the supreme court remarked in a footnote:
We requested supplemental briefing from the parties regarding whether [portions of the Criminal Appeal Reform Act of 1996 ("Act")], and this Court's rules implementing the Act (Implementing Rules), apply in this case, and if so, what effect the Act and Implementing Rules would have. At oral argument, the Assistant Attorney General representing the State conceded that even if the Act and Implementing Rules apply to this case, Heggs would still be able to assert his single subject rule challenge against chapter 95-184 for the first time on appeal. Based on the facts of this case, we agree with the State's concession and thus do not determine whether the Act and Implementing Rules apply to persons who committed their offenses before those laws became effective.
Heggs, 759 So.2d at 624 n. 4 (emphasis added). The last sentence in this passage makes clear that the supreme court's determination that the error at issue in Heggs constituted fundamental error should be read as having been applicable only to Heggs and other similarly situated defendants. A review of the chronology of the passage of the Criminal Appeal Reform Act of 1996, and the various subsequent amendments to Florida Rule of Criminal Procedure 3.800(b), reveals why Heggs was allowed to raise his single subject violation challenge for the first time on appeal, and why appellant in this case should not be given the same opportunity.
Both appellant and Heggs committed their offenses after the effective date of the statutory changes resulting in the 1995 sentencing guidelines, but before the enactment *597 and effective date of the Criminal Appeal Reform Act of 1996. See Ch. 96-248, § 9, at 957, Laws of Fla. (providing for effective date of the Act of July 1, 1996); Heggs, 759 So.2d at 621-22 (indicating that Heggs committed his offenses on October 24, 1995 and November 2, 1995). Heggs was sentenced for his offenses, pursuant to the 1995 sentencing guidelines, on November 1, 1996. See Heggs, 759 So.2d at 622. Heggs initiated his direct appeal from his convictions and sentences on November 18, 1996. See id. On appeal before the second district, Heggs argued for the first time that his sentences were illegal because chapter 95-184, Laws of Florida, which had included the statutory changes resulting in the 1995 sentencing guidelines, had violated the single subject rule contained in Article III, section 6 of the Florida Constitution. See id.
At the time Heggs initiated his direct appeal in the second district, the only available methods for preserving a sentencing error were either through the time-honored procedure of objecting to the error at sentencing or through a postsentencing motion raising the error filed pursuant to Florida Rule of Criminal Procedure 3.800(b) between the time of entry of the judgment and the time of the filing the notice of appeal. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104-05 (Fla.1996); Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure, 675 So.2d 1374 (Fla.1996). At the time Heggs filed his direct appeal, there existed no other mechanism through which he could have raised his sentencing error in the trial court before he raised it in his initial brief. See id.
In contrast to Heggs' situation, appellant in this case did not appeal his initial nonincarcerative sentence for his offense immediately following the imposition of that sentence. The range reflected on appellant's sentencing guidelines scoresheet, prepared in accordance with the 1995 sentencing guidelines, did not become an issue of which appellant was concerned until his revocation of probation proceedings in 1999.
While the preservation rules in effect at the time of appellant's revocation sentencing were the same as those which had been in effect at the time Heggs had been sentenced, the supreme court amended Florida Rule of Criminal Procedure 3.800(b) seven days after appellant's revocation sentencing by adding a provision to the rule which allowed appellate counsel to file a motion to correct a sentencing error with the trial court after the notice of appeal had already been filed in the case, but before the due date of the initial brief. See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015, 1017-18, 1021-22 (Fla.1999)("Amendments II").[2] In adding this new procedure for correcting sentencing errors in the trial court prior to the filing of the initial brief in an appeal, the supreme court noted that its intent was to "provide an effective, and hopefully more `failsafe' procedural mechanism through which defendants may present their sentencing errors to the trial court and thereby preserve them for appellate review." Id. at 1017-18. The supreme court noted in its opinion promulgating the rule change that the amendment to the rule would become "effective *598 immediately and shall also apply to cases pending on appeal." Id. at 1020. Not only did appellant's trial counsel not file a postsentencing 3.800(b) motion raising his single subject claim in the trial court before he filed his notice of appeal from the revocation proceedings, but appellate counsel also did not file a motion in the trial court, after the notice of appeal had been filed but before the initial Anders brief had been filed, raising appellant's Heggs claim. Thus, both appellant's trial counsel and his appellate counsel failed to follow the procedures of Florida Rule of Criminal Procedure 3.800(b) which the supreme court had envisioned from the beginning as providing to defendants a mechanism to correct sentencing errors in the trial court at the earliest opportunity. See id. at 1016.
While the supreme court in Maddox v. State, 760 So.2d 89 (Fla.2000), indicated that the concept of fundamental sentencing error survived the enactment of the Criminal Appeal Reform Act of 1996 and the 1996 amendments to Florida Rule of Criminal Procedure 3.800(b), the court also indicated that, for defendants whose appeals fall outside the window period identified in Maddox as having closed on the effective date of their most recent amendments to Florida Rule of Criminal Procedure 3.800(b) in Amendments II, there would no longer be the concept of fundamental sentencing error because the procedural mechanism provided by the most recent amendments to the rule would allow for raising any alleged sentencing errors prior to the filing of the first appellate brief. See Maddox, 760 So.2d at 94-98; see also Leonard v. State, 760 So.2d 114, 119-20 (Fla.2000)(reiterating that the concepts of fundamental sentencing error discussed in Maddox apply only to defendants whose appeals fell within the period discussed in that case); Salters v. State, 758 So.2d 667, 668-69 n. 4 (Fla.2000) ("[F]or those defendants who have available the procedural mechanism of our recently amended rule 3.800(b), we would require that such defendants in the future raise a single subject rule challenge in the trial court prior to filing the first appellate brief.") (citations omitted). Because appellant had available to him in this appeal the procedural mechanism of the most recent amendments to Florida Rule of Criminal Procedure 3.800(b), his case falls outside the parameters of fundamental sentencing error discussed by the supreme court in both Heggs and Maddox. As a result of appellant's failure to utilize the procedural mechanisms available to him for preserving his single subject challenge for appellate review, this court, in keeping with the limitations on the impact of the decision in Maddox, will not consider the merits of the single subject challenge raised by appellant for the first time in his amended initial brief. See Capre v. State, 773 So.2d 92 (Fla. 5th DCA 2000) (declining to reach merits of alleged sentencing error where defendant's trial had taken place after most recent amendments to rule 3.800(b) and defendant had failed to raise the issue in the trial court or in postsentencing proceedings pursuant to rule 3.800(b)); Reese v. State, 763 So.2d 537 (Fla. 4th DCA 2000)(holding that a sentencing error, which had been held to be fundamental for defendants falling within the window period identified in Maddox, could not be raised for the first time on appeal by a defendant who had filed his initial appellate brief outside the window period identified in Maddox without having previously raised his sentencing issue in the trial court either by objection or by postsentencing 3.800(b) motion filed before or after the filing of his notice of appeal).
DAVIS and BROWNING, JJ., concur.
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The clarifying opinion on rehearing in Amendments II, while not issued until January 13, 2000, did not impact the provision of Florida Rule of Criminal Procedure 3.800(b), referenced in the text, which had been added to the rule in November 1999. See Amendments II, 761 So.2d at 1025-26.