PER CURIAM.
More than sixty days after the imposition of her sentence Appellant filed a motion to mitigate her sentence, mislabeling the motion as pursuant to rule 3.800(b) of the Florida Rules of Criminal Procedure.[1] Even though the motion failed to allege any sentencing error and no appeal was pending, the trial court summarily denied the motion, explaining that it was denied under Florida Rule of Criminal Procedure 3.800(b)(1)(B), a rule that pertains to motions to correct sentencing errors that are filed pending appeal. We reverse and remand.
On remand, however, the trial court must deny as untimely appellant’s motion to mitigate her sentence since her motion was filed more than sixty days after imposition of her sentence. See Fla. R.Crim. P. 3.800(c).
GUNTHER, FARMER and TAYLOR, JJ., concur.

. The former Florida Rule of Criminal Procedure 3.800(b) became rule 3.800(c) on January 1, 1997. See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla. 1996).