ON MOTION FOR REHEARING

POLEN, J.
We grant appellee’s Motion for Rehearing, and substitute the following corrected opinion for our slip opinion issued December 1, 2004.
Appellant, Bruce Lee Williams, raises three issues on appeal with regard to his convictions, from severed trials, for second degree murder and possession of a firearm by a convicted felon. We affirm his convictions without prejudice as to any Florida Rule of Criminal Procedure 3.850 motion.
With regard to Williams’ sentence for possession of a firearm by a convicted felon, the trial court erred by sentencing him as a habitual felony offender based upon his prior convictions, which are not sufficient to subject him to habitualization pursuant to section 775.084, Florida Statutes. (2003). This error, however, was not preserved. While improper habitualization previously constituted a fundamental sentencing error which could have been addressed absent preservation, Maddox v. State, 760 So.2d 89, 94 (Fla.2000), explained that after the January 1, 2001, effective date of the amendment to rule 3.800(b) promulgated by the Supreme Court' in’ Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.UO, & 9.600, 761 So.2d 1015 (Fla.1999), reh. granted, 761 So.2d 1025, a sentencing issue that has not been raised in the trial court either by an objection at the sentencing hearing or in a subsequent *813 rule 3.800(b) motion will not be addressed on direct appeal. See Fla. R.App. P. 9.140(e). Therefore, because Williams was convicted for a crime occurring after January 1, 2001, and he failed to preserve this sentencing error, we affirm his sentence.
AFFIRMED.
GUNTHER and STONE, JJ., concur.