701 So.2d 359 (1997)
Rico L. CARGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2700.
District Court of Appeal of Florida, First District.
September 18, 1997.
Rehearing Denied November 17, 1997.
Nancy A. Daniels, Public Defender; Faye A. Boyce, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for appellee.
MINER, Judge.
Appellant, 17 years old at the time of his arrest, was charged as an adult with attempted armed robbery with a firearm and aggravated battery with a firearm. A jury found him guilty as charged, a presentence investigation (PSI) and a predisposition report (PDR) were ordered, and the sentencing hearing was set. Shortly before this hearing, appellant turned 18 years of age.
At the sentencing hearing, the trial judge announced his intention to depart from the sentencing guidelines. Appellant's attorney urged that while the PDR indicated that appellant met the criteria to be sentenced as an adult, it also stated that juvenile sanctions would protect the public and rehabilitate the appellant. Appellant's counsel did not argue at sentencing that appellant should be sentenced as a juvenile but only that he should be given a guideline sentence or a youthful offender sentence.
The trial court imposed a 15-year sentence for attempted robbery with a firearm and a concurrent 30-year sentence on the aggravated battery charge. The court made findings to support both a 3-year minimum mandatory term and the departure sentence it imposed. No motion to correct, reduce, or modify appellant's sentence was filed.
Claiming that the trial court erred in imposing a departure sentence, appellant argues that the trial court did not consider the criteria in section 39.059(7)(c), Florida Statutes (1995), and further that the trial court erred by not putting in writing the representation that those statutory criteria had been considered before imposing sentence, which is required by section 39.059(7)(d). Appellant contends that such errors require reversal, remand, and resentencing. The State counters that appellant did not object below to being sentenced as an adult and thus the issue was waived as a consequence of 1996 legislative revisions to chapter 924 (Criminal Appeal Reform Act). Alternatively, the State maintains that the record demonstrates that the trial court did, in fact, consider the chapter 39 criteria and, if required, remand should only be for the purpose of permitting the trial court to enter a nunc pro tunc *360 written order containing a representation that these criteria were considered. For the reasons that follow, we affirm appellant's judgment and sentence.
At the outset, we note that appellant was sentenced on the very day the revisions to chapter 924[1] and an amendment to Fla. R.Crim. P. 3.800[2] took effect. So far as we have been able to determine, the precise question presented in this appeal has not been decided by any Florida court.
The substance of appellant's complaint at bar is that although the trial court listed its reasons in writing for imposing a departure sentence as required by Florida Rule of Criminal Procedure 3.702 (reasons supporting a departure sentence must be in writing), the written order made no reference to section 39.059(7)(c), which sets forth the criteria that must be considered before adult sanctions are imposed on a juvenile. The State candidly concedes that the order in question does not expressly indicate that the trial judge considered the (7)(c) criteria but argues that the record reflects that the judge did, in fact, consider such criteria. In view of our disposition of this appeal, however, we find it unnecessary to and do not address what the record reflects in this regard.
The appellant here was prosecuted as an adult and sanctions were imposed upon him under section 39.059(7), Florida Statutes (1995), which delineates the procedures for sentencing a juvenile prosecuted as an adult. Section 39.059(7)(d) provides that "[a]ny decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions." The right to appeal the failure to meet this writing requirement is guaranteed by section 39.059(7).[3] Under cases decided before passage of the Criminal Appeal Reform Act of 1996 (Ch. 96-248, § 4, at 954, Laws of Florida.), a trial court's failure to commit the decision to impose adult sanctions to written order was reversible error. Bridgewater v. State, 668 So.2d 1092 (Fla. 1st DCA 1996); Nation v. State, 668 So.2d 284 (Fla. 1st DCA 1996). Such error, however, was deemed ministerial in nature and did not require resentencing with the defendant present. Nation v. State, 668 So.2d 284, 286 (Fla. 1st DCA 1996) (remanding "for the merely clerical or ministerial function" of entering a written nunc pro tunc order).
This court has stated that "[i]t is relatively well-settled that a juvenile's right to appeal is governed by chapter 39, Florida Statutes..., and that chapter 924 does not apply to juvenile proceedings." We have also held that there is "nothing in the 1996 amendments to chapter 924 (ch. 96-248, at 953, Laws of Fla.) to suggest a contrary intent on the part of the legislature." T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997). Accord J.M.J. v. State, 22 Fla. L. Weekly D1673, ___ So.2d ___, 1997 WL 369951 (Fla. 1st DCA *361 July 7, 1997); R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA 1997) (certifying question of whether section 924.051(4), Florida Statutes (Supp.1996), applies in juvenile delinquency proceedings); G.S.C. v. State, 22 Fla. L. Weekly D1672, ___ So.2d ___ (Fla. 1st DCA July 7, 1997); K.A.S. v. State, 22 Fla. L. Weekly D1823, ___ So.2d ___ (July 22, 1997).
It is our view that the imposition of adult sanctions pursuant to 39.059(7) on a child prosecuted as an adult is not strictly a juvenile proceeding. It is in the nature of a hybrid procedure. Although the requirements of section 39.059(7) must still be met, it must be remembered that the juvenile is being sentenced as an adult in criminal court. In J.M.J. v. State, 22 Fla. L. Weekly D1673, ___ So.2d ___ (Fla. 1st DCA 1997), this court noted that there are important procedural differences between juvenile delinquency proceedings and the procedures applicable in adult criminal matters. For example, juveniles sentenced as such in delinquency proceedings do not have the opportunity to correct sentencing errors in a procedure comparable to that in amended Florida Rule of Criminal Procedure 3.800(b), and there is no collateral review procedure afforded in delinquency proceedings similar to the procedure afforded adults under Florida Rule of Criminal Procedure 3.850. Id. Such is not the case for juveniles sentenced as adults. Accordingly, we hold that provisions of section 924.051, which require the preservation of issues for appeal, apply to the sentencing process by which juveniles are sentenced as adults. The application of section 924.051 to the procedure whereby a juvenile is sentenced as an adult does not obviate the right to appeal guaranteed in section 39.059(7), it merely requires that any such error be preserved as explained below.
To afford criminal defendants an opportunity to preserve sentencing errors, such as the lower court's error in the instant case of failing to enter a written order, the supreme court amended Fla. R.Crim. P. 3.800, effective on the day appellant herein was sentenced as noted in footnote 2. Amendments to Fla. R.App. P. 9.020(g) and Fla. R.Crim. P. 3.800, 675 So.2d 1374, 1375 (Fla.1996). The Court Commentary accompanying this amendment states the following:
Subdivision (b) was added and existing subdivision (b) was renumbered as subdivision (c) in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied. A motion filed under subdivision (b) is an authorized motion which tolls the time for filing the notice of appeal. The presence of a defendant who is represented by counsel would not be required at the hearing on the disposition of such motion if it only involved a question of law. Fla. R.Crim. P. 3.800.
As noted above, a juvenile sentenced as a juvenile in delinquency proceedings is not afforded this opportunity to preserve error, but a juvenile sentenced as an adult in criminal proceedings is not only required to preserve error for review under the Criminal Appeal Reform Act, but pursuant to Rule 3.800(b), he or she is afforded the opportunity to do so. Because appellant in the case at bar was sentenced as an adult after the July 1, 1996, effective date of the Criminal Appeal Reform Act, he had the opportunity pursuant to Rule 3.800(b) to preserve error on appeal here, but he did not. As a result, this issue is not subject to appellate review.
Affirmed.
ALLEN and LAWRENCE, JJ., concur.
NOTES
[1] Section 924.051, Florida Statutes (1996 Supp.) provides, in pertinent part:

(1) As used in this section:
* * * * * *
(b) "Preserved" means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.
* * * * * *
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
[2] On the same day the revisions to chapter 924 became effective, a revision to Fla. R.Crim. P. 3.800 took effect. New subsection (b) provides:

(b) Motion to Correct Sentencing Error. A defendant may file a motion to correct the sentence or order of probation within ten days after the rendition of the sentence.
Subsequently, the above rule was amended to give defendants 30 days to file such a motion. Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1271 (Fla.1996).
[3] "It is the intent of the Legislature that the criteria and guidelines in this subsection are mandatory and that a determination of disposition under this subsection is subject to the right of the child to appellate review under s. 39.069."