PER CURIAM.
On September 22, 1998, defendant was found in violation of adult community con *429 trol and was sentenced to seventeen years imprisonment for the underlying crimes of kidnapping and sexual battery, which were committed in 1993 and 1994 when the defendant was fourteen and fifteen years of age, respectively. Defendant pled guilty to the lesser included crimes of false imprisonment and attempted sexual battery. In April of 1998, defendant had admitted to a prior violation and, in receiving community control, had agreed that if subsequently found in violation, he would be sentenced to seventeen years.
Defendant now claims that the seventeen year sentence was improperly entered since the lower court did not follow the requirements for sentencing a juvenile as an adult under section 39.059(7)(c), Florida Statutes (1997). This contention comes despite the fact that defendant was twenty years old when he freely and voluntarily entered into the community control agreement, and everyone at the sentencing hearing, including defense counsel, believed that the juvenile now turned adult could conduct his own affairs. Since the defendant in the instant case was sentenced as an adult after the July 1, 1996 effective date of the Criminal Appeals Reform Act, he had the opportunity to preserve error on appeal pursuant to Rule 3.800(b). See Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997), review granted, 717 So.2d 529 (Fla.1998). Since the issue was not preserved, it is not subject to appellate review. Therefore, the judgment of the lower court is affirmed. - However, we certify this cause to the Florida Supreme Court so as to pair it for review with Cargle on the question of the applicability of the Criminal Appeals Reform Act to situations involving juveniles being sentenced as adults.
Affirmed.