765 So.2d 901 (2000)
K.O., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3197.
District Court of Appeal of Florida, Fifth District.
August 25, 2000.
*902 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
K.O. appeals the disposition order placing him in a level eight commitment program to be followed by post-commitment community control. The trial court determined K.O.'s placement without the benefit of a recommendation from the Department of Juvenile Justice (DJJ). K.O. argues that the trial court's failure to receive and consider such a recommendation was in violation of section 985.23, Florida Statutes (1999) and constitutes reversible error. We agree and reverse.
Section 985.23, entitled "Disposition hearings in delinquency cases," provides in paragraph (3)(b):
If the court determines that commitment to the department is appropriate, the juvenile probation officer shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child.... The court shall consider the department's recommendation in making its commitment decision.
§ 985.23(3)(b), Fla. Stat. (1999) (emphasis supplied). The requirements of this statute must be strictly adhered to. See C.B. v. State, 706 So.2d 925, 926 (Fla. 2d DCA 1998) ("Strict compliance with the statutory requirements is required in disposition hearings.") (citations omitted); see also A.G. v. State, 737 So.2d 1244, 1248 (Fla. 5th DCA 1999) (holding that "[i]f the trial court fails to make specific findings to support its determination and disregards the DJJ's recommendations without sufficient reasons, or there is no evidence in record that the court has considered the dispositional report, the cause must be reversed and remanded") (citing K.C. v. State, 721 So.2d 398 (Fla. 2d DCA 1998)). Here, because that standard of compliance was not met, reversal is required.
The State concedes that section 985.23 mandates that the trial court consider a recommendation by the DJJ when commitment is necessary in a delinquency proceeding and that the court did not receive such a recommendation in this case. *903 Notwithstanding its concession, however, the State argues that the error was not preserved for appeal by objection at the hearing; thus, the order of disposition should be affirmed. This argument is without merit. Although K.O. did not object at his dispositional hearing that the trial court did not receive or consider a DJJ recommendation prior to determining the commitment terms, objection was not necessary in order to preserve the issue. The criminal appeal statute, section 924.051, does not apply to juvenile proceedings. See State v. T.M.B., 716 So.2d 269 (Fla.1998); A.F. v. State, 718 So.2d 260 (Fla. 1st DCA 1998). Moreover, unlike adult proceedings, the Florida Rules of Juvenile Procedure do not contain a similar proceeding to Florida Rule of Criminal Procedure 3.800(b), which allows a criminal defendant an opportunity to request correction of an illegal sentence within 30 days of sentencing. See A.F.; T.G. v. State, 717 So.2d 128 (Fla. 4th DCA 1998). Therefore, since there is no collateral review in juvenile delinquency proceedings comparable to adult proceedings and the criminal appeal statute is inapplicable, this issue may be raised for the first time on appeal. Id.
In summary, the failure by the trial court to comply with the delinquency statute constitutes reversible error. K.O. is entitled to a new disposition with the benefit of a DJJ recommendation and consideration of it by the trial court. If the trial court chooses to deviate from the recommendation it receives from the DJJ, then it must comply with the statutory requirement that the reasons for departing from the recommendation be properly supported in writing. See § 985.23(3)(c), Fla. Stat. (1999).
REVERSED and REMANDED.
THOMPSON, C.J., and PLEUS, J., concur.