770 So.2d 1151 (2000)
Rico L. CARGLE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC92031.
Supreme Court of Florida.
September 21, 2000.
*1152 Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Pubic Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Stephen R. White, Assistant Attorney General, Tallahassee, Florida, for Respondent.
PER CURIAM.
We have for review Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997), based on conflict with State v. Rhoden, 448 So.2d 1013 (Fla.1984). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We approve Cargle.
Rico Cargle, at age seventeen, was a juvenile who was charged, tried, and convicted in adult court of attempted armed robbery with a firearm and aggravated battery with a firearm. The trial court sentenced him as an adult, imposing a departure sentence of fifteen years for attempted robbery with a firearm and a concurrent thirty years on the aggravated battery charge. No motion to correct, reduce or modify the sentence was filed. Cargle claimed on appeal that although the trial court listed its reasons in writing for imposing a departure sentence, the written order failed to address the decision to impose adult sanctions as required by section 39.059(7), Florida Statutes (1995), which states in part:
(d) Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.
. . . .
It is the intent of the Legislature that the criteria and guidelines in this subsection are mandatory and that a determination of disposition under this subsection is subject to the right of the child to appellate review under s. 39.069.
§ 39.059(7), Fla. Stat. (1995). The State countered that Cargle failed to preserve this issue for appellate review as required by the 1996 legislative revisions to chapter 924 (Criminal Appeal Reform Act).[1] Section 924.051 states in pertinent part:
924.051 Terms and conditions of appeals and collateral review in criminal cases.
(1) As used in this section:
(a) "Prejudicial error" means an error in the trial court that harmfully affected the judgment or sentence.
(b) "Preserved" means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.
(2) The right to direct appeal and the provisions for collateral review created in this chapter may only be implemented in strict accordance with the terms and conditions of this section.
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review *1153 of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
. . . .
(5) Collateral relief is not available on grounds that were or could have been raised at trial and, if properly preserved, on direct appeal of the conviction and sentence.
(6) A petition or motion for collateral or other postconviction relief may not be considered if it is filed more than 2 years after the judgment and sentence became final in a noncapital case or more than 1 year after judgment and sentence became final in a capital case in which a death sentence was imposed unless it alleges that:
(a) The facts upon which the claim is predicated were unknown to the petitioner or his or her attorney and could not have been ascertained by the exercise of due diligence;
(b) The fundamental constitutional right asserted was not established within the period provided for in this subsection and has been held to apply retroactively; or
(c) The sentence imposed was illegal because it either exceeded the maximum or fell below the minimum authorized by statute for the criminal offense at issue. Either the state or the defendant may petition the trial court to vacate an illegal sentence at any time.
(7) In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court.
(8) It is the intent of the Legislature that all terms and conditions of direct appeal and collateral review be strictly enforced, including the application of procedural bars, to ensure that all claims of error are raised and resolved at the first opportunity. It is also the Legislature's intent that all procedural bars to direct appeal and collateral review be fully enforced by the courts of this state.

§ 924.051, Fla. Stat. (Supp.1996) (emphasis added). The district court agreed with the State and affirmed the trial court's order, holding that the issue was not preserved for appellate review. See Cargle, 701 So.2d at 360. Cargle maintains that the district court's holding is incorrect. We disagree.
This Court, in State v. T.M.B., 716 So.2d 269 (Fla.1998), held that the preservation requirements of section 924.051 of the Criminal Appeal Reform Act are inapplicable to juvenile proceedings. In the present case, however, Cargle was prosecuted and sentenced in a hybrid proceeding. The district court reasoned thusly:
It is our view that the imposition of adult sanctions pursuant to 39.059(7) on a child prosecuted as an adult is not strictly a juvenile proceeding. It is in the nature of a hybrid procedure. Although the requirements of section 39.059(7) must still be met, it must be remembered that the juvenile is being sentenced as an adult in criminal court. In J.M.J. v. State, [742 So.2d 261] (Fla. 1st DCA 1997), [approved 716 So.2d 269 (Fla.1998) ], this court noted that there are important procedural differences between juvenile delinquency proceedings and the procedure applicable in adult criminal matters. For example, juveniles sentenced as such in delinquency proceedings do not have the opportunity to correct sentencing errors in a procedure comparable to that in amended Florida Rule of Criminal Procedure 3.800(b), and there is no collateral review procedure afforded in delinquency proceedings similar to the procedure afforded adults under Florida Rule of Criminal Procedure 3.850. Id. Such is *1154 not the case for juveniles sentenced as adults. Accordingly, we hold that provisions of section 924.051, which require the preservation of issues for appeal, apply to the sentencing process by which juveniles are sentenced as adults. The application of section 924.051 to the procedure whereby a juvenile is sentenced as an adult does not obviate the right to appeal guaranteed in section 39.059(7), it merely requires that any such error be preserved as explained below.
To afford criminal defendants an opportunity to preserve sentencing errors, such as the lower court's error in the instant case of failing to enter a written order, the supreme court amended Fla. R.Crim. P. 3.800, effective on the day appellant herein was sentenced as noted in footnote 2. Amendments to Fla. R.App. P. 9.020(g) and Fla. R.Crim. P. 3.800, 675 So.2d 1374, 1375 (Fla.1996). The Court Commentary accompanying this amendment states the following:
Subdivision (b) was added and existing subdivision (b) was renumbered as subdivision (c) in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied. A motion filed under subdivision (b) is an authorized motion which tolls the time for filing the notice of appeal. The presence of a defendant who is represented by counsel would not be required at the hearing on the disposition of such motion if it only involved a question of law. Fla. R.Crim. P. 3.800.
As noted above, a juvenile sentenced as a juvenile in delinquency proceedings is not afforded this opportunity to preserve error, but a juvenile sentenced as an adult in criminal proceedings is not only required to preserve error for review under the Criminal Appeal Reform Act, but pursuant to Rule 3.800(b), he or she is afforded the opportunity to do so. Because appellant in the case at bar was sentenced as an adult after the July 1, 1996, effective date of the Criminal Appeal Reform Act, he had the opportunity pursuant to Rule 3.800(b) to preserve error on appeal here, but he did not. As a result, this issue is not subject to appellate review.
Cargle, 701 So.2d at 361.
We agree with the analysis and conclusion of the district court. The Legislature clearly intended that when criminal sanctions are imposed in a proceeding under section 39.059(7), the criminal statutes governing review of those sanctions apply, and that the application of procedural bars "be strictly enforced ... to ensure that all claims of error are raised and resolved at the first opportunity." § 924.051(8), Fla. Stat. (Supp.1996). In the present case, Cargle was afforded the opportunity to seek collateral review of his sentence under rules 3.800(b) and 3.850, and therefore must abide by the mandates of section 924.051, which conditions appeals and collateral review on the preservation of alleged errors in the trial court. Cargle failed to comply with the preservation requirements of section 924.051 and this issue thus was not preserved for review. Furthermore, the instant error does not constitute fundamental error as defined in Maddox v. State, 760 So.2d 89 (Fla.2000). Accordingly, we approve Cargle and hold that section 924.051, Florida Statutes (Supp.1996), applies to juveniles who are sentenced as adults pursuant to section 39.059(7), Florida Statutes (1995).[2]
*1155 It is so ordered.[3]
WELLS, C.J., and SHAW, HARDING, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs specially with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., specially concurring.
I concur in the majority opinion, but write to explain why I do not consider the error in the trial court's failure to enter a written order as required by section 39.059(7), Florida Statutes (1995), in this case to constitute fundamental error as defined in Maddox v. State, 760 So.2d 89 (Fla.2000).[4] In Maddox, we recently considered the issue of whether unpreserved sentencing errors should continue to be corrected as "fundamental error" in light of the enactment of section 924.051, Florida Statutes (Supp.1996),[5] the adoption of Florida Rule of Criminal Procedure 3.800(b),[6] and Florida Rule of Appellate Procedure 9.140(d).[7] As we explained in more detail in Maddox, "only unpreserved errors that are both patent and serious should be corrected on direct appeal as fundamental error." 760 So.2d at 99. In this case, the failure of the trial court to enter a separate written order imposing adult sanctions is clearly a patent error; therefore, the question before us is whether it is serious enough to constitute "fundamental error." To determine whether a sentencing error is so serious that it should be considered fundamental, courts must "focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence." Id.
In assessing the qualitative effect of the error in this case on the sentencing process, I turn first to the language of the statute at issue. When this Court decided State v. Rhoden, 448 So.2d 1013 (Fla.1984), and Troutman v. State, 630 So.2d 528 (Fla. 1993), section 39.059(7)(d) provided that:
Any decision to impose adult sanctions shall be in writing and in conformity with each of the above criteria. The court shall enter a specific finding of fact and the reasons for the decision to impose adult sanctions.

§ 39.059(7)(d), Fla. Stat. (1991) (construed in Troutman, 630 So.2d at 531) (emphasis supplied). However, effective October 1, 1994, the Legislature amended section 39.059(7)(d) to provide that:
[a]ny decision to impose adult sanctions must be in writing, but is presumed *1156 appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.
§ 39.059(7)(d), Fla. Stat. (Supp.1994).[8]
As the Fourth District recognized, this statutory change "has overruled Troutman to the extent of the requirement of written justification of an adult sanction for a juvenile who is certified as an adult for trial." Robinson v. State, 642 So.2d 1204, 1205 n. 1 (Fla. 4th DCA 1994). Although the statute no longer requires specific findings of fact, it does still require that "[a]ny decision to impose adult sanctions must be in writing." § 39.057(9)(d), Fla. Stat. (1995); see also Grayson v. State, 671 So.2d 855, 855-56 (Fla. 4th DCA 1996). In light of the significant legislative changes to the statutory requirements of section 39.059(7)(d), the failure of the trial court to enter a separate written order sentencing the juvenile as an adult is not a fundamental sentencing error with a qualitative effect on the sentencing process.
For these reasons, I agree with the majority's conclusion that the sentencing error in this case cannot be considered fundamental.
ANSTEAD, J., concurs.
NOTES
[1] See ch. 96-248, § 4, at 954, Laws of Fla.
[2] We recede from Rhoden to the extent it conflicts with our decision herein. Furthermore, we recognize that since Cargle was sentenced, the Legislature amended the delinquency statute to expressly incorporate the Criminal Appeal Reform Act into delinquency proceedings. See ch. 99-284, § 31, Laws of Fla. This amendment is irrelevant to the disposition of this case since the amendment applies to delinquency proceedings whereas Cargle was prosecuted and sentenced as an adult under the criminal law.
[3] We decline to address Cargle's second claim because it was not the basis for our conflict jurisdiction in this case and was not addressed by the district court below.
[4] In Maddox, 760 So.2d 89 (Fla.2000), we addressed the question of whether unpreserved sentencing errors should be corrected in appeals filed in the window period between the effective date of section 924.051, Florida Statutes (Supp.1996), and our recent amendment to Florida Rule of Criminal Procedure 3.800(b) in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.2000). The appeal in this case falls within the window period discussed in Maddox.
[5] The Legislature enacted section 924.051 as part of the Criminal Appeal Reform Act of 1996 (the Act), and that section provides that in order to be corrected on appeal, errors either must be preserved or fundamental.
[6] Florida Rule of Criminal Procedure 3.800(b) created a mechanism by which defendants could preserve a sentencing error for appellate review following the sentencing hearing by filing a motion to correct sentence in the trial court within thirty days. This rule did not work as expected, however, and we recently amended it to allow defendants to file a motion to correct sentence any time up until the first appellate brief is filed. See Amendments, 761 So.2d at 1015. We also amended Florida Rule of Criminal Procedure 3.670, which now requires that the clerk of court serve defense counsel with a copy of the judgment of conviction and sentence within fifteen days. See Amendments to Florida Rules of Criminal Procedure 3.670 and 3.700(b), 760 So.2d 67 (Fla.1999).
[7] Rule 9.140(d) requires that sentencing errors be preserved for appellate review.
[8] The Legislature has subsequently repealed section 39.059. See ch. 97-238, § 116, at 4392, Laws of Fla. Currently, the law provides only that "[a]ny sentence imposing adult sanctions is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions." § 985.233(4)(a)3., Fla. Stat. (1999).