PER CURIAM.
We have for review Jeffries v. State, 701 So.2d 123 (Fla. 5th DCA 1997), which is a per curiam decision citing only to Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997), approved, 770 So.2d 1151 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.[1] We approve Jeffries.
The State filed an information charging Jeffries, who was then sixteen, with armed robbery with a weapon for an incident occurring in May 1996.[2] Jeffries pled no contest and the court adjudicated him guilty, sentencing him to a term of seventy-five months in the Department of Corrections to run concurrently to any active sentence. Jeffries argued on appeal that there was no indication in the record that the trial court considered the statutorily *1158 mandated presentence investigation report or the criteria for sentencing a juvenile as an adult pursuant to section 39.059(7), Florida Statutes (1995). The State countered that Jeffries failed to comply with section 924.051, created by the Criminal Appeal Reform Act, which requires preservation of issues for appeal. The district court affirmed the sentence, citing to Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997), and Jeffries petitioned this Court for review.
Jeffries maintains that the preservation requirements of section 924.051 are inapplicable to juveniles who are prosecuted as adults. We disagree based on our decision in Cargle v. State, 770 So.2d 1151 (Fla. 2000), wherein we held that “section 924.051, Florida Statutes (Supp.1996), applies to juveniles who are sentenced as adults pursuant to section 39.059(7), Florida Statutes (1995).” In accordance with our decision in Cargle, we approve Jeffries.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, LEWIS and QUINCE, JJ„ concur.
PARIENTE, J., concurs specially with an opinion, in which ANSTEAD, J., concurs.

. See Jollie v. State, 405 So.2d 418, 421 (Fla.1981)(holding that a district court decision issued without an opinion is reviewable if it cites as controlling authority a decision that is pending review in or has been reversed by this Court).

. The state prosecuted Jeffries as an adult pursuant to section 39.052(3)(a)5.b(I), Florida Statutes (1995), which permits the State to file an information rather than a delinquency petition against a juvenile who is at least sixteen years old. As of October 1, 1997, direct filing of informations against juveniles is governed by section 985.227, Florida Statutes (1999).