STEVENSON, J.
J.C.R., a minor, appeals an order of the trial court withholding adjudication of delinquency, but placing the child on community control for an indeterminate amount of time not to exceed the child’s twenty-first birthday and ordering the child’s father to pay monthly restitution. Appellant attacks both the community control and restitution aspects of the disposition. We affirm in part and reverse in part.
Appellant first contends that since the trial court elected to withhold adjudication of delinquency, the term of community control could not exceed his nineteenth birthday. The State concedes that this is, in fact, the law. See § 985.201(4)(a)-(b), Fla.Stat. (1999); S.R.A. v. State, 766 So.2d 277 (Fla. 4th DCA), approved, 772 So.2d 1217 (Fla.2000). Despite its concession, however, the State argues that we should nonetheless affirm, pointing out that no objection was raised during the proceedings below. We agree that preservation is generally required in juvenile proceedings,[1] but we conclude that the sentence imposed is akin to one that exceeds the statutory maximum and is the type of fundamental sentencing error that can be raised on appeal absent preservation.
In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.
Maddox v. State, 760 So.2d 89, 100 (Fla.2000). Accordingly, we reverse and remand for the imposition of a community control sanction that does not exceed J.C.R.’s nineteenth birthday.
As for J.C.R.’s contention that the law does not permit the trial court to both withhold adjudication of delinquency and order the child’s parents to pay restitution, here, we agree with the State’s contention that the error was neither preserved nor fundamental. See J.S. v. State, 717 So.2d 175 (Fla. 4th DCA 1998). Thus, on that point, we affirm.
REVERSED in part and REMANDED.
DELL and GROSS, JJ., concur.

. Section 985.234, Florida Statutes, governs appeals in delinquency proceedings. Prior to July 1, 1999, that statute made no reference to the preservation requirements brought about by the Criminal Appeals Reform Act, and, as a result, the courts held that the preservation requirements of chapter 924, Florida Statutes, did not apply in juvenile proceedings. See, e.g., State v. T.M.B., 716 So.2d 269, 270 (Fla. 1998). Section 985.234(1) was amended, however, and now expressly states “[a]n appeal from an order of the court affecting a party to a case involving a child pursuant to this part may be taken to the appropriate district court of appeal within the time and in the manner prescribed by s. 924.051 and the Florida Rules of Appellate Procedure.” (emphasis added). See Ch. 99-284, § 31, at 3124, Laws of Fla. This new amendment applies to J.C.R.'s August 11, 1999 offense.