785 So.2d 550 (2001)
J.C.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-423.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
Opinion Granting Rehearing April 25, 2001.
Carey Haughwout, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellant.
*551 Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
J.C.R., a minor, appeals an order of the trial court withholding adjudication of delinquency, but placing the child on community control for an indeterminate amount of time not to exceed the child's twenty-first birthday and ordering the child's father to pay monthly restitution. Appellant attacks both the community control and restitution aspects of the disposition. We affirm in part and reverse in part.
Appellant first contends that since the trial court elected to withhold adjudication of delinquency, the term of community control could not exceed his nineteenth birthday. The State concedes that this is, in fact, the law. See § 985.201(4)(a)-(b), Fla.Stat. (1999); S.R.A. v. State, 766 So.2d 277 (Fla. 4th DCA), approved, 772 So.2d 1217 (Fla.2000). Despite its concession, however, the State argues that we should nonetheless affirm, pointing out that no objection was raised during the proceedings below. We agree that preservation is generally required in juvenile proceedings,[1] but we conclude that the sentence imposed is akin to one that exceeds the statutory maximum and is the type of fundamental sentencing error that can be raised on appeal absent preservation.
In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.
Maddox v. State, 760 So.2d 89, 100 (Fla. 2000). Accordingly, we reverse and remand for the imposition of a community control sanction that does not exceed J.C.R.'s nineteenth birthday.
As for J.C.R.'s contention that the law does not permit the trial court to both withhold adjudication of delinquency and order the child's parents to pay restitution, here, we agree with the State's contention that the error was neither preserved nor fundamental. See J.S. v. State, 717 So.2d 175 (Fla. 4th DCA 1998). Thus, on that point, we affirm.
REVERSED in part and REMANDED.
DELL and GROSS, JJ., concur.

ON MOTION FOR REHEARING
STEVENSON, J.
We grant J.C.R.'s motion for rehearing of our affirmance of the trial court's order requiring J.C.R.'s father to pay restitution. J.C.R. contends that before his father could be required to pay restitution, his father was entitled to a hearing to determine whether he had made adequate efforts to control his son and, thus, should be absolved of any obligation to pay restitution. As support for his position, appellant cites B.M. v. State, 744 So.2d 505 (Fla. 5th DCA 1999), which held that before a trial court may order a delinquent child's parents *552 to pay restitution pursuant to section 985.231(1)(a)(9), Florida Statutes, the trial court must first determine that the parent failed to make a diligent and good faith effort to prevent the child from engaging in delinquent acts. We agree with the conclusion reached in B.M. that section 985.231(1)(a)(9) requires the juvenile judge to make this determination prior to holding the parent financially responsible for damage caused by the delinquent child.[1] Therefore, in addition to the relief granted in the prior opinion, we vacate the restitution order and remand for further proceedings consistent with this decision.
DELL and GROSS, JJ., concur.
NOTES
[1] Section 985.234, Florida Statutes, governs appeals in delinquency proceedings. Prior to July 1, 1999, that statute made no reference to the preservation requirements brought about by the Criminal Appeals Reform Act, and, as a result, the courts held that the preservation requirements of chapter 924, Florida Statutes, did not apply in juvenile proceedings. See, e.g., State v. T.M.B., 716 So.2d 269, 270 (Fla.1998). Section 985.234(1) was amended, however, and now expressly states "[a]n appeal from an order of the court affecting a party to a case involving a child pursuant to this part may be taken to the appropriate district court of appeal within the time and in the manner prescribed by s. 924.051 and the Florida Rules of Appellate Procedure." (emphasis added). See Ch. 99-284, § 31, at 3124, Laws of Fla. This new amendment applies to J.C.R.'s August 11, 1999 offense.
[1] Section 985.231(1)(a)(9), Florida Statutes (1999), provides in part that, in addition to the sanctions imposed upon the delinquent child, the court may:

order the parent or guardian of the child to perform community service if the court finds that the parent or guardian did not make a diligent and good faith effort to prevent the child from engaging in delinquent acts. The court may also order the parent or guardian to make restitution in money or in kind for any damage or loss caused by the child's offense.