789 So.2d 397 (2001)
DEL-RENA, INC., a Florida corporation, and Patrick Arena, Appellants/Cross-Appellees,
v.
KFM, INC., a Florida corporation, Irving Kalensky, individually, and David Aronow, individually, Appellees/Cross-Appellants.
No. 4D00-346.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
Rehearing Denied July 18, 2001.
*398 Randall L. Leshin of the Law Offices of Randall L. Leshin, Pompano Beach and Richard G. Elie, Pompano Beach, for appellants/cross-appellees.
Paula Revene of Paula Revene, P.A., Fort Lauderdale, for appellees/cross-appellants.
PER CURIAM.
Appellants purchased a sports bar and restaurant known as "Cheerleaders" from respondents/sellers with the idea of "turning around" the failing business. With no experience and training in restaurant bar management, appellants were unable to make the business profitable. They eventually closed the restaurant and sued the sellers for breach of contract, fraud in the inducement, and unjust enrichment in connection with their purchase of Cheerleaders. The sellers raised affirmative defenses that appellants were estopped from asserting these claims because they entered into the transaction with full knowledge and disclosure of the restaurant's financial condition and that their claims for fraudulent inducement were barred by the contract's merger clause and the parole evidence rule.
The sellers counterclaimed for payment of the $225,000 in promissory notes which the buyers executed in connection with their purchase of the restaurant. After a bench trial, the trial court entered judgment against the appellants on the sellers' counterclaim for payment of the notes, less a setoff for a shortage of the food and beverage inventory conveyed to appellants at closing.
One issue raised by appellants that merits our discussion is their contention that they were denied the right to a jury trial on issues for which relief is available at law. In their initial and amended complaints for breach of contract and fraud, appellants demanded a jury trial. The sellers moved to strike the request for a jury trial, asserting that appellants waived jury trial in provisions of the promissory notes. Appellants did not file any responses in opposition to the motion. Nine months later, the trial court held a hearing on the motion to strike and entered an order striking the demand for jury trial.
Once a demand for a jury trial is made, Rule 1.430(d), Fla. R. Civ. P. requires an affirmative act to waive that constitutional right. Baron Auctioneer, Inc. v. Ball, 674 So.2d 212 (Fla. 4th DCA 1996). Waiver can be inferred from conduct which manifests a party's acquiescence to a non-jury trial. Barth v. Fla. State Constructors Serv., Inc., 327 So.2d 13, 15 (Fla.1976). Although appellants were entitled to a jury trial on their breach *399 of contract and fraudulent inducement claims, they waived their right to a jury trial by consenting to the non-jury trial in their pretrial stipulation and by participating in the five-day bench trial without objection. See Indep. Fire Ins. Co. v. Arvidson, 604 So.2d 854, 858 (Fla. 4th DCA 1992)(insured waived jury trial as to her counterclaim by filing pretrial statement which included counterclaims as issues to be decided at non-jury trial); Martin v. Ullman, 555 So.2d 1232, 1233 (Fla. 3d DCA 1989)(a party who participates in a non-jury trial without raising an objection waives the right to a jury trial); Murrow v. Osceola County, 679 So.2d 883, 884 (Fla. 5th DCA 1996)(by agreeing to and participating in a bench trial, appellant affirmatively waived her right to a jury trial).
During the nine-month period between the filing of the motion to strike and the hearing thereon, appellants did not file a response in opposition to the motion to strike. Because the hearing on the motion to strike was not recorded and transcribed, we cannot ascertain from the record whether appellants opposed the motion or acquiesced in the decision to try the matter without a jury. The joint pre-trial stipulation stated that all issues remaining in dispute between the parties were to be determined by nonjury trial, including those which appellant now urges should have been tried by jury. Under each of the headings "Jury Instructions," "Verdict Forms" and "Peremptory Challenges" appeared the words "Not Applicable."
Additionally, the record reflects that appellants appeared for trial, fully participated in the trial, and throughout the five-day trial, voiced no objection or concern about the fact that the trial was non-jury. After judgment was rendered, appellant filed a motion for rehearing of the final judgment. The rehearing motion is also silent on the issue of a jury trial. The jury entitlement issue resurfaced for the first time on appeal, after the adverse final judgment. We conclude that appellants' actions herein constitute a waiver of their right to a jury trial.
We have considered the other issues raised on appeal and cross-appeal and find no error. The trial court's finding that the sale-purchase agreement called for transfer of a food and beverage inventory in the amount determined was supported by the evidence.
AFFIRMED.
POLEN, TAYLOR, JJ., and DAMOORGIAN, DORIAN K., Associate Judge, concur.