ON REHEARING GRANTED

PER CURIAM.
Upon consideration of petitioner’s motion, rehearing is granted. The opinion issued in this case on September 21, 2000, is withdrawn and the following opinion is substituted in its place.
We have for review Tisdol v. State, 747 So.2d 428 (Fla. 3d DCA 1999), which cited to Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997), approved, 770 So.2d 1151 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
In 1993, when Byron Tisdol was 14, he pled guilty to the reduced charges of attempted sexual battery and false imprisonment. The trial court found Tisdol guilty, made oral findings as to why adult sanctions were warranted, and sentenced him to 364 days in jail, followed by three years’ probation. Tisdol violated the conditions of his probation numerous times and was resentenced. After additional probation violations, on April 15, 1998, Tisdol pled guilty to violating his probation in exchange for a 17 year sentence, to be suspended for the imposition of two years of community control and followed by two years of probation. Tisdol was warned that if he violated these conditions, there would be no mitigation as to the sentence to be imposed. Tisdol violated community control within months and was sentenced to 17 years’ imprisonment. On appeal of his most recent resentencing, Tisdol asserted for the first time that the initial *577 adult sanction was invalid because, in 1994, the trial court failed to comply with section 39.059, Florida Statutes (1993), which required that when a judge sentences a juvenile' as an adult, he or she must issue a contemporaneous written order explaining the reasons for imposing an adult sentence.
This Court has recognized that a juvenile can waive the judge’s failure to issue a written order if the juvenile does not raise an objection in his direct appeal. See Summers v. State, 684 So.2d 729 (Fla.1996). In this case, Tisdol failed to file a direct appeal relative to the initial determination that adult sanctions were warranted and has accordingly waived the trial court’s failure to comply with section 39.059, Florida Statutes. He cannot now circumvent this waiver by raising the issue in an appeal of a later sentence imposed for a violation of community control. See also Stroble v. State, 689 So.2d 1089, 1090 (Fla. 5th DCA 1997) (holding that “one who takes advantage of an invalid sentence until he violates community control is es-topped to assert the invalidity of his original sentence”). Accordihgly, we approve the result in Tisdol v. State, 747 So.2d 428 (Fla. 3d DCA 1999).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.