SHARP, W., J.
D.M. appeals two criminal cases. In Case No. 00-96, D.M. pled guilty to attempted strong arm robbery,[1] and in Case No. 00-110, she pled guilty to one count of battery[2] and one count of petit theft,[3] both misdemeanors. The trial judge gave her two identical concurrent commitments in both cases: a level 8 commitment for five years, or until her 19th birthday. D.M. was sixteen years of age at the time of sentencing.
On appeal, D.M. questions only her commitment in Case No. 00 110. She points out that the term of commitment exceeds the statutory maximum, because misdemeanor offenses are punishable by a maximum of one year. § 775.082(4)(a).[4] She concedes that this sentencing error was not raised below but argues that despite her failure to preserve the error, it is a fundamental one which may be raised on direct appeal. Maddox v. State, 760 So.2d 89 (Fla.2000). See also J.C.R. v. State, 785 So.2d 550 (Fla. 4th DCA 2001); Jordan v. State, 728 So.2d 748 (Fla. 3d DCA 1998), approved, 761 So.2d 320 (Fla.2000).
The state agrees D.M. is technically correct, but submits that section 985.234(1), which routes all juvenile appeals through the Florida Rules of Appellate Procedure and section 924.501, makes the latter statute controlling in this case. It provides an appeal may not be taken unless prejudicial error is preserved. The state argues there is no prejudice in this case because had D.M. been sentenced consecutively, she could have received a total of seven years if the maximum adult sanctions were imposed. However, since she was sixteen years old at the time of sentencing, she will be released at her nineteenth birthday, in less than three years. And finally, the state points out that the correction of her misdemeanor sentences will not change her felony sentence.
*1235 In J.C.R., the fourth district dealt with a similar issue. It determined that if a juvenile is sentenced beyond the statutory maximum time for the particular crime involved, fundamental error occurs, and should be corrected, without regard to the preservation issues. We agree. We also reject the state’s argument that because D.M. is serving a longer concurrent (legal) sentence in Case No. 00-96, she is not prejudiced by an illegal sentence in this case. Accordingly we vacate D.M.’s commitment in Case No. 00-110, and remand for the imposition of a sentence within the statutory maximum.
Commitment VACATED; REMANDED for resentencing
PETERSON and ORFINGER, R.B., JJ., concur.

. §§ 812.13(2)(a), 777.04, Fla. Slat. (2000), a second degree felony.

. § 784.03, Fla. Slat. (2000).

. § 812.13(c), Fla. Stat. (2000).

.The record in this case is not clear whether the petit theft had been enhanced from a second degree misdemeanor so as to permit a statutory maximum sentence of one year rather than 60 days incarceration. On remand this must be clarified.