PALMER, J.
J.S., a juvenile, appeals the trial court’s order committing her to a low-risk residential program following her violation of probation, arguing that the court erred by failing to provide sufficient reasons to deviate from the recommendation of continued probation made by the Department of Juvenile Justice (Department). Concluding that J.S. failed to preserve the alleged error and that preservation of error is required pursuant to the July 1, 1999 amendment to the juvenile appeal statute, we affirm.
In April of 2000, J.S. pleaded nolo con-tendere to committing the crime of battery. ■ .The trial court accepted her plea, adjudicated her delinquent, and committed her to a term of probation. In October of 2000, the court found J.S. guilty of violating her probation by committing the crime of theft in June of 2000. After reviewing her pre-disposition report, the court rejected the Department’s recommendation of continued probation and sentenced J.S. to a low-risk residential program.
J.S. argues that the trial court erred by failing to provide sufficient reasons to deviate from the sentencing recommendation submitted by the Department. The State responds that, since the alleged error was not raised below, it has been waived for purposes of direct appellate review. We agree.
For offenses committed prior to July 1, 1999, juvenile disposition issues can be raised for the first time on appeal. See KO.v. State, 765 So.2d 901 (Fla. 5th DCA 2000). However, section 985.234(1) of the Florida Statutes (1999), which governs appeals in delinquency proceedings, was amended, effective July 1, 1999, to require that appeals be taken “within the time and in the manner prescribed by section 924.051 and the Florida Rules of Appellate Procedure.” Section 924.051 of the Florida Statutes (Supp.1996), is commonly known as the Criminal Appeals Reform Act, and provides that an appeal “may not be taken from a judgment or order of a trial court, unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.” “Preserved” is defined, in pertinent part, as “an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court.” § 924.051(l)(b), Fla. Stat. (1999).
Cases decided since the effective date of the amendment have recognized, either ex *39 plicitly or implicitly, that preservation of trial error is now required in juvenile delinquency proceedings. In Cargle v. State, 770 So.2d 1151 (Fla.2000), the Supreme Court addressed whether a juvenile who was charged in adult court was required to preserve error below. Although basing its ruling on the fact that the juvenile was tried as an adult, the Court stated in footnote two:
Furthermore, we recognize that since Cargle was sentenced, the Legislature amended the delinquency statute to expressly incorporate the Criminal Appeal Reform Act into delinquency proceedings. See ch. 99-284, § 31, Laws of Fla. This amendment is irrelevant to the disposition of this case since the amendment applies to delinquency proceedings whereas Cargle was prosecuted and sentenced as an adult under the criminal law.
Id. at 1154 n. 2. As such, Cargle, in dicta, recognized that section 985.284 now prescribes a preservation requirement for delinquency proceedings.
The Fourth District has also discussed the 1999 amendment and its application to delinquency proceedings. In J.C.R. v. State, 785 So.2d 550 (Fla. 4th DCA 2001), the court held that preservation is generally required in juvenile proceedings, explaining:
Section 985.234, Florida Statutes, governs appeals in delinquency proceedings. Prior to July 1, 1999, that statute made no reference to the preservation requirements brought about by the Criminal Appeals Reform Act, and, as a result, the courts held that the preservation requirements of chapter 924, Florida Statutes, did not apply in juvenile proceedings. See, e.g., State v. 716 So.2d 269, 270 (Fla.1998). Section 985.234(1) was amended, however, and now expressly states “[a]n appeal from an order of the court affecting a party to a case involving a child pursuant to this part may be taken to the appropriate district court of appeal within the time and in the manner prescribed by s. 921.051 and the Florida Rules of Appellate Procedure.” (emphasis added). See Ch. 99-284, § 31, at 3124, Laws of Fla. This new amendment applies to J.C.R.’s August 11,1999 offense.
Id. at 551 n. 1. In A.M., o/b/o D.M. v. State, 790 So.2d 1233 (Fla. 5th DCA 2001), this court cited to J.C.R., recognizing that preservation requirements now apply in juvenile delinquency proceedings, except when fundamental error exists.
Since J.S. did not argue to the trial court that it was required to set forth sufficient reasons for deviating from the Department’s sentencing recommendation, she failed to preserve the error for our review. We cannot reverse, based upon that alleged error, unless we determine that the error is fundamental. However, J.S. has made no claim that fundamental error occurred in this case. Accordingly, we affirm J.S.’s commitment order.
AFFIRMED.
GRIFFIN and SAWAYA, JJ„ concur.