810 So.2d 548 (2002)
J.J.T., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4138.
District Court of Appeal of Florida, First District.
February 19, 2002.
Rehearing Denied March 19, 2002.
*549 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Karen Armstrong, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
J.J.T. appeals his judgment and sentence, arguing that the trial court erred in deviating from the disposition recommended by the Department of Juvenile Justice (DJJ) without giving oral or written reasons for the deviation. Because J.J.T. failed to preserve this issue for appeal as required by section 924.051, Florida Statutes (1999), we affirm.
J.J.T., then age 16, was charged as an adult with lewd assault. He pled nolo contendere to the charge. The parties agreed J.J.T. should be sentenced as a juvenile. The state intended to seek a level eight commitment and the defense intended to ask for juvenile probation. Because J.J.T. had no prior record, the presentence investigation recommended juvenile sanctions. The predisposition report (PDR) prepared by the DJJ recommended a suspended high risk commitment, with J.J.T. to be adjudicated delinquent and placed on juvenile probation with sex offender counseling.
At the sentencing hearing, defense counsel urged that the court follow the PDR recommendation and informed the trial court that J.J.T. had moved to Georgia and had started counseling, and that outpatient counseling had been recommended. The state sought a level eight commitment to a sex offender program. The trial court adjudicated appellant delinquent and imposed a level eight residential commitment without providing oral or written reasons for deviating from the DJJ's recommendation. The following colloquy then occurred:
COURT: He'll be taken into custody right now and placed in secure detention. Is there anything else that needs to be addressed?
DEFENSE: Your Honor, just to restate, I think that this is

*550 COURT: You can appeal the decision if you disagree with it. Thank you very much.
DEFENSE: Yes, sir.
This appeal ensued.
It is true that under section 985.23(3)(a) and (c), Florida Statutes (1999),[1] a trial court is required to state its reasons for disregarding the assessment and restrictiveness level recommended by the DJJ. See K.O. v. State, 765 So.2d 901, 902 (Fla. 5th DCA 2000) ("The requirements of [section 985.23] must be strictly adhered to."), A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999); see also A.G. v. State, 737 So.2d 1244, 1247 (Fla. 5th DCA 1999)(trial court may not depart from DJJ disposition recommendation merely because it disagrees). We do not address the application of this rule of law to the case on appeal, however, because J.J.T. failed to preserve the issue for appellate review. Below, J.J.T. failed to argue the requirement that the trial court provide reasons.
The legislature has set forth the requirements for preserving prejudicial error in section 924.051, Florida Statutes (1999). Section 924.051(3) provides, in part, that
[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.
Section 924.051(1)(b) defines "preserved" to mean
... that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.
In Cargle v. State, 770 So.2d 1151, 1153-54 (Fla.2000), the Florida Supreme Court held that the preservation provisions of section 924.051 apply to sentencing errors in so-called "hybrid" proceedings in which juveniles are prosecuted and sentenced as adults. Under Cargle, in challenging a sentence a juvenile prosecuted and sentenced as an adult has the same procedural obligations and rights available to an adult. Id.
The case on appeal involves a different variety of hybrid procedure. J.J.T. was prosecuted as an adult, but, unlike the appellant in Cargle, J.J.T. was sentenced using juvenile sanctions. Section 924.051 applies nevertheless. Section 985.233, Florida Statues (1999), governs the procedure applicable to juveniles who are prosecuted as adults. Under section 985.233(e), when a juvenile prosecuted as an adult "is sentenced to juvenile sanctions, further *551 proceedings shall continue to be heard in the adult court." Because the sentencing proceedings for J.J.T. were heard in adult court, under the rationale of Cargle he possessed the same procedural obligations and rights as an adult, including the preservation requirements of section 924.051.
Even if the sentencing of J.J.T. could be deemed to be a juvenile proceeding, however, the preservation requirements of section 924.051 would apply. Effective July 1, 1999, the legislature amended section 985.234(1), Florida Statutes, to require that appeals in delinquency proceedings be taken "within the time and the manner prescribed by section 924.051 and the Florida Rules of Appellate Procedure." § 985.234(1), Fla. Stat. (1999). Thus, even if J.J.T. was sentenced in a juvenile proceeding, the preservation requirements of section 924.051 are applicable. See J.C.R. v. State, 785 So.2d 550, 551, n. 1 (Fla. 4th DCA 2001); J.S. v. State, 805 So.2d 37 (Fla. 5th DCA 2001).
Appellant cites State v. T.M.B., 716 So.2d 269, 271 (Fla.1998), as authority for reversal in the instant case. While, in T.M.B., the Florida Supreme Court did hold that the preservation requirements of section 924.051 are inapplicable to juvenile proceedings, the court has recognized that, after the 1999 amendments to section 985.234(1), "T.M.B. has limited viability." State v. T.G., 800 So.2d 204, 208 (Fla.2001).
Below, J.J.T. did not object to the trial court's failure to provide reasons for the deviation from the DJJ recommendation. Further, J.J.T. made no legal argument to the trial court which would have presented to the court the statutory requirement for stating reasons for the deviation. See State v. Clark, 770 So.2d 237 (Fla. 4th DCA 2000), rev. granted, 789 So.2d 398 (Fla.2001)(Table, No. SC00-2441). Accordingly, we hold that J.J.T. has failed to preserve the error asserted on appeal. § 924.051, Fla. Stat. (1999); T.G., 800 So.2d at 211. J.J.T. does not argue that the error here constituted fundamental error.
J.J.T. also argues that his counsel was precluded by the trial court from raising a contemporaneous objection. We cannot agree. The record reflects that, following the pronouncement of sentence, defense counsel sought to "restate" something, but was interrupted by the trial court. This statement by counsel indicates to us only that defense counsel intended to repeat a matter already argued to the trial court, not that he was making an objection to the sentence.
AFFIRMED.
ALLEN, C.J., concurs and BROWNING, J., concurs and dissents with written opinion.
BROWNING, J. concurring in part and dissenting in part.
I concur with the majority's opinion except to the extent it determines the defendant did not preserve the trial court's error from which I dissent.
The majority affirms the trial court's obvious incorrect and prejudicial application of existing law on grounds that defense counsel failed to preserve the issue by proper objection. I disagree. The basis for the preservation rule is succinctly stated in Castor v. State, 365 So.2d 701 (Fla.1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary *552 use of the appellate process result from a failure to cure early that which must be cured eventually.
Id. at 703. The rule is inapplicable when a trial court prohibits an objection. Here, the trial court abruptly interrupted defense counsel in mid-sentence with the remark "you can appeal the decision if you disagree with it." It is true the first five words of defense counsel's sentence concerned restating previous objections, but use of these words in the opening of a sentence when stating his objection provides no indication of what might have followed had the trial court permitted counsel to continue. Absent clairvoyance, there is no way for anybody to discern what defense counsel might have said had the trial court allowed him to continue. Counsel had every right to begin by restating his objections and then proceeding to other objections that might have presented to the trial court the error raised on appeal. The trial court, before terminating defense counsel's statement, should have inquired whether he had an objection not previously stated. Defense counsel was not required to risk a contempt of court citation to preserve an objection the trial court obviously did not want to hear.
In summary, the trial court should bear the burden of its misapplication of law and be reversed rather than place the onus of the incorrect ruling on the defendant. To affirm on such a basis, I believe, constitutes a departure from the reason for the preservation rule. A reversal would result in the proper application of law to this case, and, in my judgment, reduce instances of similar conduct in the future_____ proper objectives in my judgment.
For these reasons, I respectfully dissent in part.
NOTES
[1] Section 985.23(3)(a), (c), Florida Statutes (1999), provides:

(a) If the court determines that the child should be adjudicated as having committed a delinquent act and should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding of the reasons for the decision to adjudicate and to commit the child to the department, including any determination that the child was a member of a criminal street gang.
* * *
(c) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this paragraph.