FULMER, Judge.
D.M.W. challenges the disposition for his juvenile offense. We affirm because the issues raised on appeal have not been preserved for review.
D.M.W. argues that a number of conditions of juvenile probation were not orally pronounced but were listed on the written Order Placing Child on Juvenile Probation. Further, he contends that none of the procedures required by section 985.23, Florida Statutes (2000), were followed by the court below. D.M.W. asserts that no objection was required to preserve these complained of errors, citing K.O. v. State, 765 So.2d 901 (Fla. 5th DCA 2000).
We do not agree that these errors can be raised for the first time on appeal. As explained in J.S. v. State, 805 So.2d 37, 38 (Fla. 5th DCA 2001), preservation of trial error is now required in juvenile delinquency proceedings:
For offenses committed prior to July 1,1999, juvenile disposition issues can be raised for the first time on appeal. See K.O. v. State, 765 So.2d 901 (Fla. 5th DCA 2000). However, section 985.234(1) of the Florida Statutes (1999), which governs appeals in delinquency proceedings, was amended, effective July 1, 1999, to require that appeals be taken “within the time and in the manner prescribed by section 924.051 and the Florida Rules of Appellate Procedure.” Section 924.051 of the Florida Statutes (Supp.1996), is commonly known as the Criminal Appeals Reform Act, and provides that an appeal “may not be taken from a judgment or order of a trial court, unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.” “Preserved” is defined, in pertinent part, as “an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court.” § 924.051(l)(b), Fla. Stat. (1999).
Cases decided since the effective date of the amendment have recognized, either explicitly or implicitly, that preservation of trial error is now required in juvenile delinquency proceedings.
See also State v. T.G., 800 So.2d 204 (Fla.2001); J.J.T. v. State, 810 So.2d 548 (Fla. 1st DCA 2002).
D.M.W.’s offense occurred on November 20, 2000, which is after July 1, 1999, the effective date of the amendment to section 985.234(1); therefore, D.M.W. was required to preserve the error below. Because he has not done so, we affirm.
ALTENBERND and DAVIS, JJ., concur.