TAYLOR, J.
We affirm the probate court’s final judgment granting the trustee’s petition for administration, denying the decedent’s grandson’s cross-petition for administration, and granting the trustee’s request to eject'the grandson from the decedent’s apartment. We find no abuse of discretion in the trial court’s denial of the grandson’s request for a second continuance. Further, we find no error in the court’s conducting a non-jury trial on the ejectment action, as the grandson waived his right to a jury trial by participating in the four-day non-jury trial without objection.
The personal representative filed a petition for administration of the decedent’s 1999 will. The will directed the residue of the estate to pass to a trust, which the decedent also created in 1999. The trust provided for distribution of the trust corpus to charities upon the decedent’s death. At the time of her death, the decedent’s only remaining asset was an apartment located in Palm Beach and occupied by her grandson, Lyndon Shapray. Shapray filed a cross-petition for administration of a *543 2000 will, which he prepared, and which the decedent purportedly executed, when the two were residing together in the decedent’s apartment. Thereafter, the personal representative/trustee filed a complaint for construction of the 1999 trust and Sha-pray’s ejectment from the decedent’s apartment. In response, Shapray challenged the validity of the 1999 trust and demanded a jury trial for issues triable to a jury.
For trial purposes, the court consolidated the two probate proceedings and the ejectment action. The case was twice set for a non-jury trial. Noting Shapra/s original demand for a jury trial and the court’s setting of a non-jury trial, the personal representative/trustee filed and served a “Motion for Clarification.” The trial court did not issue an order regarding the motion, and Shapray did not pursue clarification as to the non-jury setting. Over several months, Shapray failed to object to two orders setting these matters for a non-jury trial. More important, he actively participated in a four-day non-jury trial without objecting to the absence of a jury.
It is well-settled that the affirmative act of participating in a non-jury trial without raising an objection constitutes waiver of the right to jury trial. See Del-Rena, Inc. v. KFM, Inc., 789 So.2d 397 (Fla. 4th DCA 2001)(citing Barth v. Fla. State Constructors Serv., Inc., 327 So.2d 13, 15 (Fla.1976)); Baron Auctioneer, Inc. v. Ball, 674 So.2d 212, 214 (Fla. 4th DCA 1996).
In this case, Shapray’s conduct pri- or to and during trial evinced his acquiescence to the trial proceeding non-jury. Shapray failed to object to the non-jury trial, despite having sufficient notice that the case was scheduled to be tried without a jury. He was put on notice that the ejectment issue would be tried along with the probate action by the consolidation order and the pre-trial stipulation listing these issues for trial. Yet, he actively participated in the trial without ever raising an objection to the case proceeding without a jury. His failure to object at any time prior to or during trial constitutes a waiver of the jury issue.
AFFIRMED.
STEVENSON and GROSS, JJ., concur.